### El Pueblo v. Brenes.

Apelación procedente de la Corte de Distrito de

Guayama.

No. 25. Resuelto en diciembre 18, 1905.

APELACIÓN.—NOTAS DEL TAQUÍGRAFO.—Las notas tomadas por el taquígrafo durante el juicio de una causa, no pueden formar parte de los autos de la apelación, aún cuando aparezcan haber sido certificadas y firmadas por el Juez de Distrito.

ID.—SENTENCIA.—EXTENSIÓN DE LA PENA.—Una vez que el jurado emita vere-

dicto de culpabilidad, el juez está facultado para imponer al acusado cualquier término de prisión, dentro de los límites que la ley señala.

ID.—PLIEGO DE EXCEPCIONES.—En los casos en que el acusado considere demasiado severa la pena impuesta por la corte, deberá presentar una moción á la corte inferior, solicitando la reducción de la pena, y si fuere denegada, tomar excepción contra esa resolución, é incluirla en un pliego de excepciones, consignando en él aquella parte de la prueba que estime necesaria para apoyar su pretensión, y someter así el punto á la consideración y resolución del tribunal.

ID.—La circunstancia de que el juez hubiere certificado y firmado las notas tomadas por el taquígrafo, no las convierte en una relación de hechos ó pliego de excepciones, ni pueden ellas usarse en substitución de dichos documentos.

ID.—Las disposiciones del art. 300 del Código de Enjuiciamiento Criminal no hacen referencia á la prueba testifical ó documental practicada en el juicio, sino á las instrucciones de la Corte.

ID.—MINUTAS DE LA CORTE.—La frase *minutas de la corte*, no ha comprendido nunca en su significación, las declaraciones testificales, y aun cuando las notas taquigráficas puedan constituir las minutas de las cortes, sin embargo, tales notas, que deben contener una relación fiel de todos los procedimientos ocurridos durante el juicio, deben usarse solamente como referencia, para que el juez, los abogados ó las personas interesadas puedan determinar cuáles fueron las resoluciones dictadas por la corte durante el juicio.

ID.—RELACIÓN DE HECHOS.—La relación de hechos debe contener una breve exposición de todos los hechos probados en el juicio, ya por prueba testifical ó documental, y estar preparada con la conformidad de ambas partes, si pueden ponerse de acuerdo, y ser en todo caso, aprobada por el juez, que certificará con respecto á su corrección, y la firmará oficialmente.

ID.—El método que debe seguirse para preparar y obtener la aprobación y certificación de una relación de hechos en la Corte de Distrito, es el indicado en la regla 17 de las dictadas para las Cortes de Distrito.

ID.—SEVERIDAD DE LA PENA.—CIRCUNSTANCIAS ATENUANTES.—Si la prueba practicada en el juicio no se sometiere á la consideración del Tribunal Supremo por medio de una relación de hechos, dicho tribunal no podrá apreciar si el resultado de la prueba es insuficiente para justificar la severidad de la pena impuesta al acusado, ó si ella ha demostrado la existencia de circunstancias atenuantes, que deban ser tomadas en consideración, en la imposición de la pena.

ID.—En los casos en que existan circunstancias atenuantes que deban apreciarse al dictar sentencia, el acusado debe someterlas á la consideración del tribunal inferior en la forma que determinan los artículos 320 y 321 del Código de Enjuiciamiento Criminal.

ID.—PENA IMPUESTA AL ACUSADO.—En los casos en que las constancias de autos no justificaren lo contrario, se presumirá que el juez de la corte inferior ha ejercido sabia y correctamente la discreción que le concede la ley para fijar el término de prisión á que el acusado deba ser condenado.

## Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. Manuel F. Rossy.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. MacLeary, emitió la opinión del tribunal.

El apelante en esta causa, fué juzgado por el Tribunal de Distrito de Guayama, y declarado culpable del delito de homicidio, por haber matado á Julio Suárez, el día primero de marzo de 1905. Se celebró el juicio el día último del mismo mes y el primero del siguiente ante el tribunal y un jurado, resultando en un veredicto, por el cual se declaró al acusado culpable de homicidio y una sentencia del tribunal, condenándole á la pena de seis años de prisión en el presidio, con trabajos forzados y al pago de todas las costas. Contra dicha sentencia, el acusado interpuso recurso de apelación ante este tribunal, y la copia de los autos fué presentada aquí el 22 de mayo de 1905. Por lo que aparece de los autos, no se presentó durante el progreso del juicio, objeción ni excepción alguna contra ninguna resolución del tribunal. La copia tal como ha sido presentada aquí, no contiene ni pliego de excepciones ni exposición de hechos. Sin embargo, contiene una copia de los apuntes del taquígrafo, contenidos en cuarenta y cuatro páginas, en que se consignan las preguntas dirigidas á cada testigo, y las contestaciones dadas á las mismas; cuyos apuntes están todos debidamente certificados por el taquígrafo Hortensia Muñiz, en su carácter oficial.

Parece que después de haberse presentado los autos en este tribunal, y después de haber presentado el fiscal su informe, el día dos del presente mes, se entregó al secretario una copia de los apuntes del taquígrafo certificada por el juez de la Corte de Distrito, cuya copia el secretario inadvertidamente unió á los autos. No consta en dichos autos orden alguna dictada por el tribunal, autorizando al secretario para que hiciera eso,

y desde luego, dicho documento no forma parte de los autos ante este tribunal. *El Pueblo de Puerto Rico* v. *Juan Vázquez,* fallado por este tribunal en 15 de diciembre de 1905. No se presentó en esta causa ningún alegato por el abogado defensor del apelante; pero este último estaba representado en la vista celebrada ante este tribunal, el día cuatro del presente mes, por un hábil abogado, que en su defensa pronunció un informe oral.

El punto principal, si no el único, alegado por el letrado defensor á favor del acusado, es que la pena impuesta por el tribunal, es demasiado severa; alegándose por dicho letrado, que, aunque la ley autoriza la prisión de una persona declarada culpable del delito de homicidio por un término que no exceda de diez años en el presidio, este acusado, en virtud de circunstancias atenuantes, no debía haber sido castigado tan severamente. Si es que existían circunstancias atenuantes, no se hizo de ellas mención ni referencia alguna en el veredicto del jurado, por más que hayan sido mencionadas por el letrado defensor del acusado en la discusión habida ante este tribunal. El citó también la antigua Ley española, que divide las penas en los grados mínimo, medio y máximo, y bajo cuyo sistema la práctica era imponer la pena en el grado medio, cuando no había circunstancias atenuantes ni agravantes; en el grado máximo en el caso de circunstancias agravantes; y en el mínimo, cuando concurrían circunstancias atenuantes. Tal no es la práctica bajo la ley americana.

Cuando el jurado ha pronunciado un veredicto de culpable, y definido el grado del delito, entonces, con arreglo á la práctica americana, la ley fija los límites dentro de los cuales ha de imponerse la pena, y se deja á discreción del juez sentenciador el fijar exactamente el grado de la pena. La sección 28 del Código Penal de Puerto Rico, dice lo siguiente:

"Siempre que en este Código, la pena señalada á algún delito, quedare indeterminada entre ciertos límites, el Tribunal autorizado para pronunciar sentencia, deberá determinar la pena que hubiere de imponerse en un caso especial, dentro de los límites prescritos por este Código."

Esta sección es idéntica á la sección 13 del Código Penal de California.

La sentencia debe ajustarse á la ley, según ésta se consigna en la citada sección. Véase la causa de *People* v. *Riley,* 38 Cal. 549. El juez sentenciador es muy competente para determinar el grado de la pena, porque él ha presidido el acto del juicio durante todo el tiempo que duró, y conoce todos los hechos y circunstancias de la causa, y es capaz de determinar si son suficientes para justificar una sentencia severa ó una sentencia leve. A él se le confía la responsabilidad de proceder y resolver con respecto á este extremo. *El Pueblo de Puerto Rico* v. *Bocanegra,* resuelta por este tribunal, en 15 de diciembre de 1905.

Es verdad que, con arreglo á las leyes de Puerto Rico, este tribunal tiene autoridad para modificar una sentencia dictada por un Tribunal de Distrito, en una causa criminal; pero esta autoridad discrecional debe ejercitarse aquí, lo mismo que en otros tribunales, de un modo propio y prudente, fundado en hechos y circunstancias sobre los cuales se haya llamado debidamente la atención del tribunal. Los hechos de esta causa no se hallan debidamente sometidos á la consideración de este tribunal. La copia de los apuntes de la taquígrafa, presentada en este tribunal, es claramente inadmisible, y no puede servir como supletoria de una exposición de hechos. Esto ha sido resuelto repetidas veces en varios casos recientemente decididos por este tribunal: entre otros, en las causas de *El Pueblo de Puerto Rico* v. *Juan de Mata Eligier* y *Juan del Carmen Groló,* en que se emitió un

dictamen en 20 de noviembre del presente año; y en la causa de *El Pueblo de Puerto Rico* v. *Eusebio Torres Candelaria,* resuelto el 28 del mismo mes.

Se ha tratado de eludir el efecto de la decisión arriba mencionada, procurando y entregando al secretario de este Tribunal, una copia de los apuntes de la taquígrafa, cuya copia ha sido certificada por el juez del Distrito, de corresponder con las declaraciones hechas por los testigos en el juicio de esta causa, y de ser correctas. Esto no podía haber convertido dicha copia en una parte de los autos, aún en el caso de que se hubiera presentado una moción en debida forma, pidiendo permiso para presentarla ante este tribunal, cuya moción no fué presentada por el abogado del acusado. Es muy dudoso que el tribunal hubiese concedido lo solicitado en tal moción, aún en el caso de que hubiera sido presentada en debida forma.

Si el letrado defensor del acusado, hubiese deseado una reducción de la sentencia, entonces debía haber presentado una moción al Tribunal de Distrito solicitando reducción de la sentencia, y si dicha moción hubiese sido desestimada por el tribunal, pudiera haber presentado una excepción contra tal resolución, incluyendo dicha excepción en su pliego de excepciones, y consignando en éste tal parte de las pruebas, como consideraba necesaria para sostener su afirmación, y presentando así la cuestión de una sentencia excesiva, á este tribunal, en una forma que nos hiciera posible el resolverla. Código de Enjuiciamiento Criminal, secciones 320 y 321.

Las notas del taquígrafo no quedan transformadas en una exposición de hechos, ó pliego de excepciones, por un simple certificado expedido por el juez sentenciador. Como hemos dicho, y repetido anteriormente, las notas del taquígrafo, ó una copia de las mismas, no pueden ser consideradas como un pliego de excepciones, ni como

una exposición de hechos, y no pueden ser utilizadas en sustitución del uno ni de la otra. El Código de Enjuiciamiento Criminal no hace mención de un taquígrafo, ni de los apuntes del mismo, aunque en la sección 300 de dicho Código, se hace referencia á instrucciones que hayan sido escritas por un "reporter", lo que indudablemente significa un taquígrafo; disponiéndose en dicha sección, que no es necesario presentar excepciones contra tales instrucciones, ó que éstas sean incluídas en el pliego de excepciones; pero conteniendo los debidos endosos hechos por el tribunal, demostrando la resolución adoptada por éste, con respecto á las mismas, pueden formar una parte de los autos, que puede presentarse á este tribunal en la apelación, para su resolución, en la misma forma como si hubiesen sido debidamente incluídas en un pliego de excepciones, firmado y certificado por el tribunal sentenciador. Esta sección del Código de Enjuiciamiento Criminal, no se refiere en manera alguna á los hechos probados en el juicio, por la prueba documental, ó por el testimonio de testigos, sino solamente á las instrucciones dadas por el tribunal al jurado, ó por su propia iniciativa, ó á petición del letrado defensor. La distinción que se hace en las Leyes de Texas, y de algunos otros Estados, entre "charges" ó sea instrucciones, dadas por el tribunal al jurado, por propia iniciativa de dicho tribunal, é instrucciones dadas á petición del abogado del acusado, no existe en esta sección de nuestra Ley. La palabra "charges" es usada en su verdadero sentido, é incluye las instrucciones propiamente así llamadas.

El taquígrafo ó "reporter" de un tribunal, es un funcionario nuevo en el procedimiento criminal de Puerto Rico. Dicho cargo fué creado por la ley aprobada en 10 de marzo de 1904, que empezó á regir el primero de julio del mismo año, y se intitula "Ley creando las plazas de Taquígrafos-Reporters de los Tribunales de Distrito, de-

terminando sus deberes, y fijando sus sueldos y compensaciones. Véanse las leyes de 1904, páginas 110 á 112. El taquígrafo, que por esta ley, es constituído en funcionario del tribunal, tiene el deber de tomar en taquigrafía el testimonio de los testigos y de presentar los apuntes taquigráficos hechos por él, al secretario del Tribunal de Distrito, en donde se haya celebrado el juicio. Véanse las secciones 3a. y 4a. de la Ley anteriormente citada. La sección 5a. de dicha ley, dispone:

"............ Dicha copia del récord constituirá *prima facie del acta* del juicio, y podrá usarse al hacerse cualquier moción para la celebración de un nuevo juicio, revisión ó apelación del mismo, en los casos en que el acta del Tribunal sea necesaria."

La palabra "minuta", nunca y en ningún tiempo ha sido considerada como incluyendo el testimonio de testigos. El término "minutes" está ampliamente definido en Bouvier's Law Dictionary, tomo 2o., página 418, y también en 15 American & English Encyclopedia of Law, página 618, primera edición, á cuyas obras se hace referencia para un informe completo con respecto al significado de dicho término. El informe taquigráfico puede, en cualquier caso, constituir el acto del tribunal, pero esto no lo constituye en exposición de hechos ni pliego de excepciones. Los apuntes del taquígrafo son, ó pueden hacerse, muy útiles al redactarse una exposición de hechos ó un pliego de excepciones, pero no constituyen tales documentos de por sí. El taquígrafo está obligado, cuando así se lo exigen, á suministrar al fiscal general, al fiscal del tribunal, ó á cualquiera de las partes del pleito, una copia del récord escrita en maquinilla, ó cualquiera parte de dicho récord, mediante el pago de ciertos honorarios fijados por la ley. Tales apuntes taquigráficos, después de haber sido escritos á mano ó en maquinilla, deben constituir una copia fiel de cuanto haya ocurrido en el tribunal durante el acto del juicio de la

causa, y después de haber sido debidamente transcritos por el funcionario que los hizo, y presentados por él al secretario del tribunal, pueden ser usados por el juez ó los letrados ó cualquiera otra persona interesada, para cerciorarse con respecto á las resoluciones adoptadas por el tribunal lo mismo como pueden usarse para este objeto, las actas del tribunal guardadas por el secretario.

La exposición de hechos debe ser una relación breve y concisa de todos los hechos que hayan sido probados en el juicio, por las declaraciones de testigos ó por la prueba documental, con cuya relación deben estar conformes los abogados de las partes, por los cuales debe ser firmada, siempre que sea posible tal conformidad; y después debe ser examinada y aprobada por el juez sentenciador, y firmada por éste, y certificada oficialmente por el mismo, como correcta. El método que debe observarse al redactar, someter y certificar una exposición de hechos, ante el Tribunal de Distrito, se halla consignado en la regla número 17 del Reglamento del Tribunal de Distrito, para causas criminales, á cuya regla se hace referencia, aprobándola como correcta. Un documento de esta naturaleza trae ante este tribunal, todas las pruebas esenciales, presentadas ante el tribunal sentenciador, y se puede confiar en que contiene los hechos en los cuales fueron basados el veredicto del jurado y la sentencia del tribunal.

En el presente caso, como ya se ha dicho, no se ha presentado ante este tribunal tal exposición de hechos, y, por supuesto, nosotros no podemos tomar en consideración la insuficiencia de las pruebas presentadas en el juicio, para justificar la pena impuesta por la sentencia, ó la existencia de circunstancias atenuantes en relación con el homicidio cometido. Si tales hechos existieron, se debía haber llamado la atención del Tribunal de Distrito sobre los mismos, en la forma indicada por

la ley. Código de Enjuiciamiento Criminal, secciones 320 y 321. Estas secciones son idénticas á las 1203 y 1204, respectivamente, del Código Penal del Estado de California; y en el Código de Pomeroy, se encuentra en las páginas 454 y 455, una nota indicando más extensamente el procedimiento que debe seguirse en semejantes casos. La discreción ejercitada por el juez sentenciador, al fijar el término de prisión, debe considerarse como habiendo sido ejercitada debida y sabiamente, á falta de toda indicación en los mismos autos que demuestre que ha hecho un uso impropio ó imprudente de tal discreción.

Hemos considerado y examinado cuidadosamente la acusación presentada por el fiscal, las instrucciones dadas por el tribunal al jurado, el veredicto de éste, y la sentencia dictada por el tribunal contra el acusado; y todos estos documentos parecen ser propios y conformes á la ley en todo respecto, ajustándose estrictamente á la práctica establecida por la ley; y no se encuentra en los autos ningún error fundamental. Siendo esto así, debe confirmarse en todas sus partes, la sentencia dictada por el Tribunal de Distrito de Guayama, el día 5 de abril de 1905.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones y Asociados, Hernández, Figueras y Wolf.