## El Pueblo v. de Thomas.

Apelación procedente de la Corte de Distrito de Humacao.

No. 36. Resuelto en diciembre 19, 1905.

Apelación.—Pruebas.—Relación de hechos.—Pliego de excepciones.—Para

que el Tribunal Supremo pueda discutir en una apelación la apreciación de la prueba, es necesario que ésta se someta á su consideración por medio de una relación de hechos ó un pliego de excepciones.

Homicidio voluntario.—Cómplice.—Pena correspondiente.—Las disposiciones del art. 18 del Código Penal, determinan la pena que debe imponerse á todo reo declarado culpable como cómplice de homicidio voluntario, pues el Código Penal no contiene disposición alguna que señale pena especial para el cómplice de tal delito.

Id.—Pena impuesta al acusado.—Si la prueba practicada en el juicio no se hubiere sometido en forma adecuada á la consideración del Tribunal Supremo, éste no podrá considerar y resolver si el juez de la corte inferior abusó de las facultades discrecionales que le confiere la ley al imponer la pena al acusado.

Id.—El Tribunal Supremo tiene jurisdicción para corregir los abusos en que puedan incurrir los jueces de distrito al imponer la pena al acusado, pero para que el tribunal ejercite tal jurisdicción es necesario que esos abusos sean manifiestos, claros y tangibles.

Id.—Circunstancias atenuantes.—En los casos en que existan circunstancias atenuantes que deban apreciarse al dictar sentencia, el acusado debe someterlas á la consideración del tribunal inferior, en la forma que determinan los artículos 320 y 321 del Código de Enjuiciamiento Criminal, y de este modo hay términos hábiles para que puedan consignarse después en una relación de hechos, y someterlas en forma á la consideración del Tribunal de Apelación.

Id.—En los casos en que las constancias de autos no justificaren lo contrario, se presumirá que el juez de la corte inferior ha ejercido sabia y correctamente la discreción que le confiere la ley para determinar la pena que ha de imponer al acusado.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. José Guzmán Benítez.*

Abogado del apelado: *Sr. Rossy, Fiscal.*

El Juez Asociado Sr. Hernández, emitió la opinión del tribunal.

En la presente causa, el apelante José de Thomas, fué acusado ante la Corte de Distrito del Distrito Judicial de Humacao, por delito de asesinato en primer grado, cometido como sigue:

"Allá por la noche del 21 de noviembre del pasado año 1904, en la Ciudad de Humacao, capital del Distrito del mismo nombre, el acusado José de Thomas dió muerte ilegal con malicia, premeditada y alevosamente, al individuo Angel Romero (a) Niní, disparándole un tiro de revólver en la región orbitaria izquierda."

Esa acusación fué debidamente jurada por el fiscal que

la suscribe, en 9 de enero del corriente año, y en el acto del *arraignment* hizo José de Thomas la alegación de no culpable.

Celebrado juicio ante jurado, éste declaró culpable á José de Thomas, como cómplice del delito de homicidio voluntario, y la corte de Humacao con fecha 25 de marzo último pronunció sentencia por la que condenó al acusado José de Thomas, convicto como cómplice del delito de homicidio voluntario, á la pena de siete años de presidio, con trabajos forzados en la penitenciaría de San Juan de Puerto Rico, y á pagar las costas del juicio.

Contra esa sentencia interpuso la representación del acusado recurso de apelación que formalizó ante esta Corte Suprema su letrado D. José de Guzmán Benítez, consignando expresamente que nada tenía que objetar al juicio, ni á la prueba practicada, ni al veredicto, pues el recurso se basaba únicamente en error de derecho cometido al imponerse al acusado el *máximum* de la pena que para toda clase de cómplices señala el artículo 18 del Código Penal, ó sean siete años de presidio, infrigiéndose así la letra y el espíritu de los artículos 3, 11, 12, 18 y 28 del Código Penal, 284 y 286 del Código de Enjuiciamiento Criminal, y los principios establecidos por la Jurisprudencia de los tribunales de los Estados Unidos en materia de discreción judicial.

Aléganse como motivos del recurso los siguientes:

1o.—Que debiendo graduarse la responsabilidad del cómplice José de Thomas en relación con los actos ejecutados por el guardia Pedro María Rodríguez, autor de la muerte de Angel Romero, y en relación con la intención y actos del mismo José de Thomas que determinaron su complicidad en el delito, no es justo ni equitativo atribuirle á la responsabilidad del cómplice mayor extensión de la que resultaba para el autor, ó sea para el guardia Rodríguez, y como el

homicidio ejecutado por éste era excusable, según las pruebas practicadas en el juicio, por haber obrado en el ejercicio de sus funciones de guardia de la paz pública, en defensa de su persona y en el cumplimiento de sus deberes, excusable era la complicidad de José de Thomas, quien no hizo otra cosa que cambiar su revólver por el del guardia y esconder ese revólver del guardia en la letrina de la casa de Jova González, guiado por un impulso de generosa inexperiencia y sin ánimo de perjudicar á persona alguna.

2o.—Que el artículo 18 del Código Penal establece una escala de penalidad, con arreglo á la cual los cómplices de los delitos graves son castigados con la pena de uno á siete años de presidio, y es la voluntad de la ley que la responsabilidad penal del cómplice se regule por la importancia del delito, sin que se interprete en su recto sentido el artículo expresado aplicando al cómplice del homicidio voluntario el *máximum* de la pena que correspondería aplicar á lo sumo al cómplice del asesinato en primer grado, pues el artículo 3 del Código Penal previene que todas las disposiciones y artículos del mismo deberán interpretarse en el recto sentido de sus términos á fin de que llene su objeto y facilite la administración de justicia, no siendo tampoco equitativo aplicar al cómplice de un homicidio excusable, como lo fué el de Angel Romero, una pena que casi iguala al *máximum* de la señalada por la ley para el autor del homicidio voluntario, sin atenuación de ninguna especie.

3o.—Que correspondiendo al jurado, según los artículos 284 y 286 del Código de Enjuiciamiento Criminal, la facultad de asignar al acusado la responsabilidad que le corresponda por su delincuencia, las cortes de justicia no pueden separarse de la calificación resultante del veredicto del jurado, ni imponer una pena distinta que la que el jurado ha querido que se imponga al reo, y mucho menos

agravar la responsabilidad de éste condenándolo á sufrir pena que corresponda á una calificación ó grado superior de los señalados en el veredicto, como ha sucedido en el presente caso, en que, contra el pensamiento del jurado de que José de Thomas fuera castigado como cómplice del delito de homicidio voluntario, lo fué como cómplice del delito de asesinato en primero ó segundo grado, condenándosele á sufrir el *máximum* de la pena señalada en la escala del artículo 18 del Código Penal; por lo que la sentencia se aparta del veredicto del jurado, castiga al reo como responsable de un delito más grave del cual había sido descargado por dicho veredicto, vulnera el principio constitucional de que el juicio de todos los crímenes, excepto en los casos en que sean acusados funcionarios, corresponderá al jurado, y contradice el principio reconocido por la jurisprudencia de casi todos los Estados de la Unión Americana, de que cuando el veredicto del jurado da al delito cometido por el reo una calificación inferior á la de la acusación, el reo queda absuelto de toda calificación superior á la del veredicto y no puede ser ya responsable de un delito más grave por el mismo hecho, ni ser expuesto nuevamente, ni menos ser castigado por el delito ó calificación de responsabilidad de que ya ha sido descargado.

4o.—Que si bien existe el principio de discreción judicial que faculta al tribunal sentenciador para imponer la pena que estime procedente dentro de las escalas señaladas á cada delito en el Código Penal, tal principio no puede llevarse á la exageración sin desquiciar de su asiento y estabilidad la ley, la administración de justicia y la garantía de los ciudadanos, y nunca autoriza el abuso de aquella discreción que debe ser ejercitada teniendo en cuenta los preceptos establecidos por la ley, atendiendo á la voluntad de ésta y no á la del juez.

El letrado de la parte apelante concluye su alegato afirmando que la sentencia apelada infringe la constitución y

los preceptos legales antes citados; que esta corte tiene jurisdicción para estimar dentro de la calificación dada por el veredicto del jurado y con vista del récord del juicio que el homicidio voluntario de Angel Romero es justificable y está justificado por hallarse comprendido en los casos de los artículos 207 y 208 del Código Penal; que no siendo penable en tales condiciones el delito principal ni su autor el guardia Pedro María Rodríguez, quien ni siquiera ha sido acusado no puede ser castigado tampoco el cómplice del mismo delito; y suplica se anule la sentencia dictada, declarando que siendo justificado el homicidio voluntario de Angel Romero, no apareja responsabilidad penal la complicidad del acusado José de Thomas, y que éste no ha cometido, por tanto, acto alguno punible, debiendo ser puesto inmediatamente en libertad.

El fiscal se opuso por escrito y oralmente al recurso, y solicitó fuera desestimado por el fundamento de que la aplicación del artículo 18 del Código Penal entra en el terreno de la discreción del juez, y no hay ley alguna que restrinja ese poder discrecional.

En la transcripción de autos que tenemos á la vista no hay pliegos de excepciones, ni escrito de exposición de hechos, conociéndose únicamente en síntesis por el veredicto del jurado el resultado de las pruebas practicadas en el juicio.

Examinemos ahora las cuestiones legales traídas al judicial debate en el alegato presentado á esta corte por la parte apelante.

Para conocer los hechos que motivaron la sentencia apelada por José de Thomas tenemos que acudir al escrito de acusación en que á dicho Thomas se imputó el delito de asesinato en primer grado cometido en la persona de Angel Romero. En esa acusación ni siquiera se menciona al guardia insular Pedro María Rodríguez, y como la transcripción de autos que esta corte tiene á

la vista no hay escrito de exposición de hechos que fije y determine el resultado de las pruebas practicadas en el juicio, ignoramos si Pedro María Rodríguez tuvo alguna intervención punible ó excusable en la muerte de Angel Romero, y lo que es más aún, ignoramos también cuáles fueron los hechos que determinaron la complicidad de José de Thomas en aquella muerte. No podemos, pues, discutir si el homicidio de Angel Romero fué excusable por parte de su autor que para nosotros es desconocido, y por el contrario, dado el veredicto del jurado debemos suponer que fué punible, pues no puede haber complicidad punible de un homicidio excusable. Ni tampoco cabe discutir si la complicidad de José de Thomas fué excusable, pues aparte de que el jurado le declaró culpable de homicidio voluntario en concepto de cómplice sin que el veredicto del jurado haya sido impugnado por contrario á derecho ó á las pruebas, el mismo apelante ha manifestado ante esta corte que nada tiene que objetar contra el juicio, las pruebas y el veredicto, y que sólo ha apelado de la sentencia por la cuantía de la pena que le ha sido impuesta, aunque esa manifestación está en contradicción con la súplica que formula en su alegato de que se declare justificado el homicidio voluntario de Angel Romero y en su consecuencia se le ponga en libertad por no haber cometido acto alguno punible.

Declarado José de Thomas cómplice del homicidio voluntario cometido en la persona de Angel Romero, existe la presunción legal de que el jurado lo estimó tal cómplice con arreglo al artículo 37 del Código Penal que dice así:

"Todas las personas que sabiendo que se ha cometido un crimen *felony* lo ocultaren de las autoridades respectivas ó albergaren y protegieren á la persona acusada ó convicta de su comisión, son cómplices de dicho crimen."

La pena correspondiente á los cómplices aparece fijada en el artículo 18 del mismo Código en los términos siguientes:

"Salvo los casos en que se hubiere prescrito distinta pena, todo cómplice será castigado con pena de presidio por un término máximo de siete años, ó de cárcel, por un término que no excederá de dos años, ó con multa máxima de cinco mil dollars."

Dicho artículo 18 es aplicable al presente caso, pues no encontramos en el Código pena especial señalada al cómplice de homicidio voluntario. Tampoco encontramos precepto legal alguno que regule la extensión ó cuantía de la pena y que pueda servir de norma á los tribunales en la aplicación del artículo 18, si bien los artículos 27 y 28 imponen á los tribunales la obligación de fijar la pena correspondiente á cada caso.

Esos dos artículos dicen así:

"Los diversos artículos de este Código que señalan pena á ciertos delitos, asignan al Tribunal autorizado para sentenciar, la obligación de determinar é imponer la pena prescrita."

"Siempre que en este Código la pena señalada á algún delito quedare indeterminada entre ciertos límites, el Tribunal autorizado para pronunciar sentencia, deberá determinar la pena que hubiere de imponerse en un caso especial, dentro de los límites prescritos por este Código."

La Corte de Distrito de Humacao, al imponer á José de Thomas, como cómplice de homicidio voluntario, la pena de siete años de presidio, hizo aplicación de los dos textos legales que se dejan citados, y obró dentro de los límites prescritos por el artículo 18 que dejamos copiado.

No dudamos que los jueces en cada caso especial, al ejercitar el poder discrecional que la ley les otorga, han de tener en cuenta la mayor ó menor gravedad del caso y las circunstancias en él concurrentes, procurando la mayor igualdad posible entre la delincuencia y la pena,

para que la balanza de la justicia se mantenga en su fiel.

Comprendemos que pueden darse casos en que se revele de un modo manifiesto el abuso de dicho poder discrecional, como sucedería si se impusiera al cómplice del delito igual ó mayor pena que la señalada al autor del mismo, y si demostrándose el concurso de circunstancias atenuantes, se impusiera al culpable el *máximum* de la pena. Pero en el presente caso la pena impuesta á José de Thomas es inferior al *máximum* de la de diez años de presidio señalada al delito de homicidio voluntario de que aquel fué declarado cómplice, y no habiéndose demostrado ante esta Corte Suprema las circunstancias de la complicidad de Thomas, nos falta base para afirmar que el juez de Humacao abusó del poder discrecional de que estaba investido por la ley.

No es que esta corte de apelación carezca de jurisdicción para corregir abusos de poder discrecional, sino que esos abusos han de ser manifiestos, claros y tangibles, para que pueda ejercitarse dicha jurisdicción, lo que no sucede en el presente caso.

Cierto que al jurado corresponde declarar al acusado convicto ó absuelto del delito imputádole en la acusación y determinar en su caso el grado del delito cometido, y también es claro que el juez no puede separarse del veredicto del jurado en la imposición de la pena; pero no es menos cierto, según los artículos ya transcritos del Código Penal, que al juez y no al jurado corresponde aplicar la pena dentro de los límites marcados por la ley, y que el Juez de Humacao hizo esa aplicación, tomando por base el veredicto del jurado y sin traspasar aquellos límites.

Antes de concluir, debemos citar en apoyo de nuestra opinión el artículo 320 del Código de Enjuiciamiento Criminal que dice así:

"Después de una confesión ó veredicto de culpabilidad, y siem-

pre que se deje á discreción del tribunal la magnitud de la pena, el Tribunal, á indicación verbal de cualquiera de las partes, de' que hay circunstancias agravantes ó atenuantes de la pena que pueden justamente ser tomadas en consideración, puede, á su arbitrio, oir brevemente esa indicación en el plazo que fije, y dando aviso á la parte contraria, en la forma que estime conveniente.''

Si había circunstancias atenuantes que recomendar á la Corte de Humacao para la imposición de la pena, la representación del acusado pudo hacer uso del derecho que le otorgaba el artículo transcrito, y entonces hubiera podido darse cumplimiento al precepto del artículo siguiente para que se acreditaran dichas circunstancias atenuantes, habiendo existido así términos hábiles para que hubieran venido á conocimiento de este tribunal por medio de un pliego de exposición de hechos.

No lo hizo así la defensa de José de Thomas, y por tanto, el poder discrecional debe considerarse ejercido debida y sabiamente, á falta de toda indicación en los autos demostrativa de que se ha hecho un uso impropio de tal poder.

La acusación de José de Thomas, el veredicto del jurado, y la sentencia pronunciada en relación con los artículos 18, 27 y 28 del Código Penal, no prueban el abuso del poder discrecional mientras no vengan al récord en forma fehaciente los elementos aportados al juicio, que pudo apreciar el juez inferior para determinar la mayor ó menor perversidad con que obró el cómplice de homicidio voluntario, José de Thomas.

Ciertamente que al cómplice de asesinato en primero ó segundo grado no podría imponerse pena mayor que la impuesta á José de Thomas; pero así como puede suceder que en el cómplice de aquellos delitos concurran circunstancias atenuantes tales que el juez estime prudente en uso de su poder discrecional disminuir la pena de siete años de presidio, también ha podido ocurrir que en el caso de autos hayan concurrido circunstancias agravan-

tes tales que justifiquen la aplicación de la pena impuesta.

Repetimos que no se ha demostrado ante esta Corte de apelación abuso alguno de poder discrecional, y esa prueba incumbía al apelante.

Por las razones expuestas, procede en nuestro sentir la confirmación de la sentencia que dictó la Corte de Humacao en 25 de marzo último, con las costas del recurso á cargo del apelante.

*Confirmada.*

Jueces concurrentes: Sres. Presidente Quiñones, y Asociado, Wolf.