EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MIGUEL ÁNGEL MÉNDEZ CABO, acusado y apelante.

*Número:* CR-64-317      *Resuelto:* 11 de marzo de 1965

Miguel Ángel Méndez Cabo, *pro se. Charles H. Juliá,* abogado del apelante; *J. B. Fernández Badillo, Procurador General,* y *J. F. Rodríguez Rivera, Procurador General Auxiliar,* abogados de El Pueblo.

Sala integrada por el Juez Presidente Interino Señor Pérez Pimentel y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

PER CURIAM: El apelante, Miguel Ángel Méndez Cabo, fue acusado y convicto de tres delitos, es decir, de (a) tener en su posesión y dominio la droga conocida como heroína, (b) venderla y (c) ocultarla y transportarla. Se le impuso en cada cargo una pena indeterminada de 10 a 20 años de presidio, a ser cumplida concurrentemente.

En apelación imputa nueve errores al tribunal de instancia que, a nuestro juicio, carecen de mérito, con excepción del octavo y noveno como indicamos más adelante. Veamos.

1.—"El Tribunal inferior cometió error al no disolver el jurado en este caso a pesar de las manifestaciones prejuiciadas y lesivas que vertiera en Corte abierta y en presencia de los demás jurados, el jurado señor WALLI AZIZI y cuyas manifestaciones fueron sostenidas por la jurado Idalia Zequeira."

En apoyo de la conclusión de que este error es frívolo, con lo cual convenimos, dice el Procurador General que:

"Este primer señalamiento de error es claramente frívolo. La objeción del acusado-apelante se refiere al criterio expresado por el jurado Walli Azizi cuando se estaba seleccionando el grupo de jurados que habría de actuar en la causa. En el interro-

gatorio a que fuera sometido, manifestó el señor Azizi que no creía en la defensa de incapacidad mental fundada en la condición de adicto a drogas narcóticas. La jurado Idalia Zequeira también sostuvo este criterio. Ambos fueron recusados por la defensa. (Véase, Transcripción parcial sobre selección del jurado, pág. 6.)

■ "Primeramente advertimos que el planteamiento se hace por primera vez en apelación y como el mismo no aduce nada sustancial contra la sentencia, debe considerarse renunciado. *Pueblo* v. *del Valle,* 91 D.P.R. 174 (1964).

"En segundo lugar, la propia transcripción parcial sobre la selección del jurado revela que a raíz de hechas las manifestaciones por el señor Azizi, el magistrado procedió a instruir a los jurados sobre la cuestión suscitada, habiendo confesado el propio señor Azizi que estuvo equivocado al hacer las manifestaciones de referencia. (Véase transcripción parcial, págs. 5–6.)

■ Finalmente consignamos que el incidente traído por el acusado-apelante no pudo perjudicarlo en forma alguna, ya que como éste no ofreció prueba de defensa la cuestión suscitada por el señor Azizi no pudo ser materia de deliberación para el jurado."

2.—"El Tribunal inferior cometió error al declarar sin lugar la Moción sobre Insuficiencia de las Acusaciones."

■ Arguye el apelante que las acusaciones tenían que alegar el lugar donde se cometió el delito y el nombre de la persona a quien se le vendió la heroína. Aunque las acusaciones no son modelos de precisión son suficientes. Cada una alega que el delito se cometió en San Juan, Puerto Rico, (Regla 40 de las Reglas de Procedimiento Criminal). No es esencial alegar el nombre del comprador en casos de esta naturaleza. *Lauer* v. *U.S.,* 320 F.2d 187 (1963), en que se dijo que la acusación era defectuosa al dejar de nombrar a la persona a quien se le hizo la venta ilegal de narcóticos es claramente distinguible, pues se trataba en el mismo de un estatuto especial por virtud del cual la ofensa estaba limitada a la venta, permuta, o donación no hecha mediante orden escrita de la persona a quien se vende la droga en formulario emitida por el Secretario de Hacienda de Estados Unidos, de

manera que la identidad de la persona a quien se le vende es un factor principal y el acusado tiene derecho a que se le informe quién es dicha persona en la acusación. *Robison* v. *U.S.*, 329 F.2d 156 (1954). Por lo tanto, no se cometió el error apuntado.

3.—"El Tribunal inferior erró al no permitir a la defensa hacer un interrogatorio a los fines de impugnar la veracidad del testigo José Luis Vizcarrondo Figueroa."

Se sostuvo la objeción a una pregunta dirigida en el contrainterrogatorio de un agente especial presentada por el ministerio público con respecto a cuántas personas identificaron los agentes en determinado trayecto. En vista que el testigo contestó que no recordaba exactamente, carece de mérito el apuntamiento.

4.—"El Tribunal inferior cometió error al transmitir al jurado instrucciones a todas luces vagas e imprecisas."

El apelante no señala en qué consiste la alegada vaguedad e imprecisión de las instrucciones. Se limitó a excepcionarlas sin indicar ninguna en particular y no apuntó entonces ni apunta ahora perjuicio alguno sufrido por él. Aunque convenimos que las instrucciones no son tan claras y precisas como sería deseable, no dan lugar a que revoquemos las sentencias, pues ni se ha demostrado ni hemos encontrado que hayan causado perjuicios a derechos sustanciales del apelante. *Pueblo* v. *del Valle,* supra.

5.—"El Tribunal inferior cometió error al aceptar el veredicto rendido por el Jurado a pesar de que éste no contestó a la pregunta de si ese era el veredicto de ellos."

Se arguye que ni el presidente del jurado ni los miembros contestaron la pregunta formulada por el juez sentenciador al efecto de si los veredictos de los miembros del jurado anunciados eran los veredictos de los miembros del jurado. El récord demuestra que a preguntas de dicho magistrado el presidente del jurado había contestado que habían llegado

por unanimidad al veredicto en cada cargo. La representación legal del apelante no hizo planteamiento alguno sobre la legitimidad del veredicto limitándose a solicitar que se dejara al apelante en libertad bajo fianza hasta la fecha de la lectura de la sentencia. El apuntamiento por lo tanto carece de mérito.

6.—Apunta el apelante que el veredicto fue contrario a derecho por las razones aducidas en apoyo de los apuntamientos previamente discutidos.

Por los fundamentos previamente relacionados resulta infundada esta imputación.

7.—"El veredicto del Jurado en este caso fue contrario a la prueba."

■ Convenimos con el Procurador General que:

"Dada la prueba de cargo aportada, la única aducida en juicio, a saber, el testimonio del agente José Luis Vizcarrondo, que estableció la transacción delictiva (T.E. págs. 4–6) y los testimonios de César Delgado y del químico Ramón Chinea que establecieron que la evidencia obtenida del acusado-apelante dio positivo de heroína, (T.E. págs. 20-21 y T.E. 26–27), no creemos necesaria mayor argumentación sobre el presente señalamiento. Además, asumiendo que los testigos incurrieron en contradicciones en sustancia establecieron plenamente el delito imputado."

8–9.—Estos dos apuntamientos impugnan las penas impuestas por excesivas, crueles e inusitadas.

■ Arguye el Procurador que deben sostenerse las sentencias debido al récord penal del apelante consistente de convicciones por escalamiento, hurto mayor y acometimiento y agresión grave en 1956 y por una ordenanza municipal en 1957. No obstante convenimos con el apelante en que las penas impuestas son excesivas. Por lo tanto, deben rebajarse y por la presente se rebajan las penas impuestas a reclusión de 5 a 20 años, a ser cumplidas concurrentemente.

*Se modifica la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 24 de junio de 1964, y así modificada, se confirma.*