EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSE RAMÓN ROBLES RIVERA, c/p RONCO, acusado y apelante.

*Número:* CR-65-227      *Resuelto:* 14 de diciembre de 1967

*José Ramón Robles Rivera, pro se; J. B.. Fernández Badillo, Procurador General, y Lolita Miranda, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: Desde el año 1960 Víctor Manuel Acevedo Buceta trabajaba como agente especial de Rentas Internas en la División de Narcóticos en la persecución del tráfico ilegal de drogas. El 6 de octubre de 1964 a las diez y media de la mañana dicho agente se encontraba, en unión a otros agentes, en el sector de Puerta de Tierra. Observó a tres individuos, entre ellos a uno conocido por el "Nene", quien era conocido por los agentes como adicto y traficante de drogas. Del otro lado de la calle cruzó el acusado en dirección al grupo donde estaba el "Nene". Los agentes entraron en una tienda de donde podían observar a través de una vitrina y como a seis pies de distancia lo que estaba sucediendo. El agente Acevedo Buceta declaró que desde allí vio al "Nene" sacar dinero y entregárselo al acusado quien a su vez sacó del bolsillo derecho del pantalón un sobrecito de tres pulgadas de largo por dos de ancho, del cual, luego de abrirlo, sacó lo que parecía ser un sobrecito (*deck*) de los que se usan para envasar heroína y se lo entregó al Nene. Al notar la presencia de los agentes Acevedo y Lapuerta, el acusado caminó aprisa y luego corrió. Los agentes lo persiguieron, lo detuvieron y al registrarlo le ocuparon en el bolsillo del pantalón tres paquetes conteniendo cada uno veinticinco *decks* de supuesta heroína. El análisis químico del contenido de los sobres ocupados al acusado demostró que contenían heroína.

Por estos hechos el fiscal formuló acusación contra el apelante por tres infracciones a la Ley de Drogas.

Luego de renunciar voluntaria y válidamente a juicio por jurado el caso se vio por tribunal de derecho. Desfilada la prueba el tribunal de instancia le declaró culpable de los tres cargos y le sentenció a cumplir de cinco a veinte años de presidio en cada cargo, a ser cumplidos concurrentemente.

Imputa al tribunal sentenciador haber cometido un primer error "al aceptar la declaración del Agente Acevedo Buceta, por presumirse supuesta y repetidamente controvertida."

■ El señalamiento carece de mérito. El testimonio del Agente Acevedo mereció crédito al juez sentenciador y en el récord no hay base para concluir que al así hacerlo incurriera en error. No debemos por tanto intervenir en la apreciación que de la prueba hizo el juzgador de los hechos. *Pueblo* v. *Serrano Nieves,* 93 D.P.R. 56 (1966).

Alega el apelante que erró el tribunal sentenciador "al no conceder a la defensa un 'continuance' para trasladarse el Tribunal al lugar de los hechos."

■ No se cometió el error. La concesión de una solicitud para celebrar una inspección ocular descansa en la sana discreción del tribunal y no se ha demostrado que el tribunal abusara de su discreción, máxime si se considera que el juez conocía el sitio donde ocurrieron los hechos. *Pueblo* v. *Villegas Cotto,* Sentencia de 30 de septiembre de 1963.

■ La solicitud para la continuación de la vista del caso el día siguiente la formuló la defensa para ver si podía conseguir alguna prueba para impugnar el testimonio del agente Acevedo. No pudo decirle al tribunal qué prueba iba a traer ni pudo asegurarle que iba a traer esa prueba. No abusó de su discreción el tribunal de instancia al negarse a decretar la suspensión de la vista del caso. *Pueblo* v. *Cordero,* 82 D.P.R. 379 (1961).

■ Como tercero y último error sostiene el apelante que el tribunal sentenciador incidió al "declarar sin lugar la cuestión de derecho solicitada por la defensa para suprimir la evidencia presentada por el pueblo toda vez que la misma era el resultado de un arresto ilegal."

Si consideramos (1) la experiencia del agente y su conocimiento sobre las transacciones en que median los sobrecitos (*decks*) de heroína, (2) la situación sospechosa creada por el acusado al entregar un sobrecito a un adicto a drogas y recibir de éste dinero, y (3) la fuga del acusado al percatarse de la presencia de los agentes, no podemos concluir que su

arresto y registro fuera ilegal. *Pueblo v. Cabrera Cepeda,* 92 D.P.R. 70 (1965).

*Se confirmarán las sentencias apeladas.*

El Juez Asociado Señor Belaval no intervino.