EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* CARMELO PEDROZA MURIEL, acusado y apelante.

Número: CR-69-49     Resuelto: 3 de noviembre de 1969

*E. Armstrong de Watlington,* abogada del apelante; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Peter Ortiz, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR PÉREZ PIMENTEL emitió la opinión del Tribunal.

El apelante fue convicto por un jurado de una infracción al Art. 29 de la Ley de Narcóticos de Puerto Rico. Sentenciado a una pena indeterminada de 8 a 15 años de presidio, interpuso el presente recurso señalando como errores (1) que "se le privó de un debido proceso de ley al celebrarse parte de la vista del caso en su contra en su ausencia"; (2) el tribunal instruyó erróneamente al jurado sobre el delito de posesión de narcóticos, y (3) la sentencia impuéstale constituye un castigo cruel e inusitado.

El primer error no se cometió. El tribunal se ajustó a las disposiciones de ley al continuar el juicio en ausencia del acusado-apelante. El acusado y su abogado estuvieron presentes al iniciarse el juicio en diciembre 17 de 1964. Desfiló prueba de cargo. Luego el tribunal suspendió la continuación de la vista del caso para el martes 27 de diciembre del mismo año, a las 9 de la mañana. Surge de la minuta

de ese día que el acusado-apelante quedó citado en corte abierta. Al reanudarse la sesión en la indicada fecha y hora el apelante no estaba presente en corte, no había comparecido. Su abogado manifestó que no lo había visto ni tenía noticias de él y que tampoco tenía explicación alguna que ofrecer al tribunal. En vista de ello el tribunal ordenó el arresto inmediato del apelante por desacato y señaló fecha para la vista de este incidente. Continuó ventilándose una moción del otro coacusado Márquez sobre la condición mental de éste para someterse a juicio, la cual fue declarada con lugar. Se suspendió la continuación de la vista del caso contra el apelante para las dos de la tarde de ese mismo día. Al reanudarse la sesión, el alguacil encargado de diligenciar la orden de arresto contra el apelante informó al tribunal que se había trasladado a la residencia de éste y allí su madrastra le informó que el apelante había salido esa mañana para el tribunal. Inquirió el juez si había alguna comunicación en la oficina de los alguaciles o en la secretaría del tribunal, contestándose en la negativa. Se ordenó entonces la continuación de la vista del caso en ausencia del acusado con la objeción de la defensa fundada en que habiendo terminado la prueba de cargo, se proponían utilizar al acusado como testigo de descargo. Luego de consumir sus turnos de informes y de transmitidas las instrucciones al jurado, éste rindió un veredicto condenatorio. El acusado fue arrestado al día siguiente.

La Regla 243 (a) de Procedimiento Criminal(¹) dispone que en todo proceso por delito grave (*felony*) el acusado deberá estar presente en el acto de la lectura de la acusación

---

(¹) Dicha regla dispone:

"Regla 243. Presencia del Acusado

(a) *Delitos graves.* En todo proceso por delito grave (*felony*) el acusado deberá estar presente en el acto de la lectura de la acusación y en todas las etapas del juicio, incluyendo la constitución del jurado y la rendición del veredicto o fallo, y en el pronunciamiento de la sentencia. Si en cualquier etapa durante el juicio el acusado no regresare a sala para la continuación del mismo, el tribunal luego de investigadas las causas, podrá

y en todas las etapas del juicio, incluyendo la constitución del jurado y la rendición del veredicto o fallo y en el pronunciamiento de la sentencia, pero dispone además que si en cualquier etapa durante el juicio el acusado no regresare a sala para la continuación del mismo, el tribunal luego de investigadas las causas, podrá dictar mandamiento ordenando su arresto, pero en todo caso la ausencia voluntaria del acusado no impedirá que el juicio continúe hasta que se rinda el veredicto o el fallo del juez en casos vistos sin jurado.

Lo que autoriza al tribunal a continuar la vista del caso hasta la rendición del veredicto o fallo en caso de delito grave (*felony*) es la ausencia voluntaria del acusado durante el juicio.

Del expediente se desprende que las indicaciones eran que cuando el juez ordenó la continuación del juicio en ausencia del acusado, la ausencia de éste era voluntaria, hecho que lo confirman las actuaciones posteriores del acusado según veremos más adelante. Ni su abogado ni otros funcionarios del tribunal pudieron dar explicaciones de la no comparecencia del acusado. En ese momento no se ordenó la continuación del juicio sino que se pospuso para las dos de la tarde. Mientras tanto el juez ordenó su arresto inmediato, no pudiendo ser diligenciado por las razones ya antes expuestas. Hasta entonces nada tenía ante sí el juez para considerar dicha ausencia como involuntaria. En el supuesto de que tal hubiera sido el caso, el acusado tuvo amplias oportunidades para alegarlo ante el tribunal y no lo hizo. El acusado fue arrestado al día siguiente de haber concluido el juicio con el veredicto condenatorio. Pudo comparecer en solicitud de que se dejara sin efecto el veredicto rendido, si su ausencia

---

dictar mandamiento ordenando su arresto, pero en todo caso la ausencia voluntaria del acusado no impedirá que el juicio continúe hasta que se rinda el veredicto o el fallo del juez en casos vistos sin jurado." *Práctica Forense Puertorriqueña,* Tomo 2, pág. 254.

había sido involuntaria y podía justificarla, pero no lo hizo. La lectura de la sentencia se celebró el día 4 de enero de 1969. No aparece del récord que el acusado alegara como impedimento para que se dictara sentencia la violación de su derecho a estar presente durante todas las etapas del juicio por haber sido su ausencia involuntaria. La Regla 188(d)(1) autoriza al tribunal a conceder un nuevo juicio cuando el acusado no está presente en cualquier etapa del proceso, salvo cuando su ausencia es voluntaria según lo dispuesto en la Regla 243. Aun después de esta etapa de los procedimientos estaba al alcance del acusado el remedio provisto en la Regla 192.1 de Procedimiento Criminal. Tampoco lo utilizó. *Cf. Pueblo* v. *Ortiz*, 57 D.P.R. 469 (1940).

■ La ausencia voluntaria de un acusado del juicio después de comenzado éste, equivale a una renuncia implícita a estar presente durante todas las etapas del juicio. Con ciertas limitaciones de rigor, ese derecho es renunciable y tal renuncia no viola el debido procedimiento de ley. De lo contrario, los acusados estarían en libertad de obstruir la celebración de los juicios una vez comenzados éstos, ocultándose o haciendo imposible su localización.

Tampoco se cometió el segundo error.

Varios agentes de Rentas Internas vieron a los acusados Víctor Márquez García y Carmelo Pedroza Muriel detrás de una casa vieja en la Barriada Vista Alegre, al final de la calle B de Bayamón. Los acusados estaban allí, según el testimonio de uno de los agentes, "preparando, echando un polvo blanco que sacaron de un papel, en una chapa de botella . . . . Echaron el polvo blanco en la chapa, prendieron una vela, la pusieron debajo de la chapa; ahí nosotros nos les tiramos encima. . . . Dejaron la chapa, la vela y se dieron a la fuga." El juez ordenó la eliminación de la frase "y se dieron a la fuga". Los agentes identificaron el material ocupado con la firma de uno de ellos y luego lo entregaron al químico Ramón Chinea

Rivera, quien analizó el contenido de la chapa y dio positivo de clorhidrato de heroína. Los acusados fueron perseguidos y detenidos en aquel mismo momento.

El apelante impugna aquella parte de la instrucción en que según él la interpreta, el juez dijo al jurado, al definir el delito de posesión de drogas narcóticas, que "podía cometerse si la droga estaba en la inmediata presencia del acusado." Arguye que es necesario determinado grado de control sobre el narcótico para que se cometa el delito. En realidad no fue eso lo que el juez instruyó. Para convencerse de ello basta una lectura de la instrucción completa, la que copiamos a continuación.

"De acuerdo con la ley, una persona está en posesión de una de las drogas narcóticas cuando a sabiendas la tiene bajo su control y dominio y del mismo modo, o sea, a sabiendas bien la lleva sobre su persona o se le encuentra en su inmediata presencia y custodia o, si no se le encuentra en su inmediata presencia y custodia o en su persona, tal posesión es inmediatamente accesible y exclusiva de esa persona a menos que dos o más personas tengan la posesión conjunta, o sea, que juntos y a sabiendas tengan el control y posesión y dominio exclusivo de tal droga narcótica." (T.E. del taquígrafo Néstor Busher Cruz, pág. 24.)

■ Respecto al tercer error, basta decir que la pena impuesta al apelante cae dentro de los límites fijados por la ley y no constituye un castigo cruel e inusitado según alega el apelante.

Sin embargo, considerando que no se trata de un traficante en drogas, sería más ajustada a los hechos y circunstancias concurrentes, una pena de 5 a 10 años de presidio. *En ese sentido deberá modificarse la sentencia apelada y así modificada será confirmada.*

Los Jueces Asociados Señores Hernández Matos y Santana Becerra, no intervinieron.