EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ARTHUR LANDMARK, acusado y apelante.

*Número:* CR-70-56      *Resuelto:* 20 de agosto de 1971

*Yamil Galib Frangie,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Candita R. Orlandi, Procuradora General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR TORRES RIGUAL emitió la opinión del Tribunal.

Arthur Landmark fue acusado por infracciones a la Ley de Narcóticos de Puerto Rico, Ley Núm. 48 de 18 de junio de 1959, 24 L.P.R.A. sec. 974, consistentes en poseer, transportar u ocultar y vender la droga narcótica conocida por marihuana. El jurado lo halló culpable del cargo de venta de marihuana pero lo absolvió de los cargos de posesión y transportación.

En apelación nos solicita la revocación del fallo condenatorio impugnando, entre otras cosas, las instrucciones impartidas al jurado por el juez de instancia en relación con los posibles veredictos del caso. (¹)

■ El veredicto, según veremos más adelante, es inconsistente. Aunque tal condición no lo invalida, *Pueblo* v. *Negrón*, 73 D.P.R. 559 (1952), *Pueblo* v. *Medina Ocasio*, 98 D.P.R. 302 (1970), (²) sin embargo, no puede prevalecer en este caso, por ser resultado directo de instrucciones impartidas al jurado que no responden a la prueba desfilada. Es necesario considerar las instrucciones en cuestión a la luz de la prueba desfilada y de las circunstancias del caso.

La prueba directa consistió en el testimonio del agente encubierto Wilfredo Ríos Méndez, quien testificó que se matriculó como estudiante en la Universidad Interamericana de San Germán, haciéndose pasar entre los estudiantes como un puertorriqueño criado en Nueva York, adicto al uso de marihuana. El 3 de abril de 1968, teniendo ya Ríos información

---

(¹) El apelante señala en su alegato nueve errores. Los primeros cinco apuntamientos se refieren a las instrucciones. El sexto a la admisibilidad de un testimonio, el séptimo a la apreciación de prueba y los apuntamientos octavo y noveno a la nulidad del veredicto y denegación de la moción de nuevo juicio.

(²) Véanse también *Pueblo* v. *Burgos Gregory*, Cr. 68-94, Sentencia de 8 de mayo de 1969, *Pueblo* v. *Santiago González*, Cr. 68-248, Sentencia de 3 de diciembre de 1969, *Pueblo* v. *Fuentes Báez*, Cr. 65-389, Sentencia de 19 de mayo de 1966.

de que el apelante vendía marihuana, lo localizó en el Centro de Estudiantes informándole de su interés en comprar dicha droga. Ambos se dirigieron al servicio sanitario donde el apelante sacó del bolsillo derecho de su pantalón una bolsa plástica conteniendo picadura de marihuana la que vendió a Ríos por la suma de $5.00.

El tribunal de instancia impartió una instrucción al efecto de que el jurado podía "absolverlo en todos los delitos o pueden condenarlo en algunos y absolverlo en otros, según sea el criterio de ustedes, dependiendo de la prueba que ustedes estimen establecida." (T.E. pág. 214.)

El jurado se retiró a deliberar pero al no poder llegar a un acuerdo volvió a sala y solicitó instrucciones adicionales. Específicamente inquirió del juez de instancia si podía traer un veredicto de culpable en uno de los cargos y otro de absolución en los demás cargos, o, viceversa. Es preciso reproducir aquí las instrucciones que al efecto impartió el juez de instancia porque ellas constituyen la cuestión medular del caso:

"HON. JUEZ:

¿Hay alguna otra pregunta que quiera [sic] los caballeros del Jurado hacerle al Tribunal?

SR. FERDINAND VEGA:

¿Puede salir culpable en un caso o dos, o sea, puede salir inocente en uno y culpable en dos o inocente en dos y culpable en uno?

HON. JUEZ:

*El veredicto puede ser separado. El veredicto en el cargo número uno no los obliga a ustedes a dictar un veredicto igual en el cargo número dos. El cargo número uno requiere una cantidad de prueba y una clase de prueba para establecer la posesión y el dominio de la droga; el cargo número dos se refiere a la ocultación y la transportación, que es otro tipo de prueba para sostener ese cargo, y el tercero se refiere a la transacción de la venta, la venta, que es otra clase de prueba, y el veredicto en uno no lo obliga a dictar a ustedes el mismo veredicto en el otro, fuera de toda duda razonable, para condenarlo o absol-*

*verlo. De modo que ustedes pueden dictar un veredicto en uno condenándolo y absolviéndolo en dos o pueden condenarlo en dos y absolverlo en los tres, según ustedes estimen que se haya establecido en la prueba.* No tienen que dictar un mismo veredicto para los tres casos. Eso es discrecional de ustedes, de acuerdo con la prueba que ustedes estimen establecida. ¿Alguna otra pregunta?" (T.E. págs. 224-225.) (Bastardillas nuestras.)

▪ No habiéndose aducido prueba separada y distinta en apoyo de cada cargo, de manera, que el jurado estuviera justificado en justipreciar la prueba de cada cargo separadamente, convenimos con el apelante en que tales instrucciones son erróneas. No responden a la prueba desfilada. La prueba con respecto a los cargos imputados—posesión, transportación y venta—fue la misma para los tres cargos. Consistió, como hemos visto, del testimonio del agente encubierto con respecto a una simple transacción en que los actos de posesión, transportación y venta ocurren casi simultáneamente. Correspondía exclusivamente al jurado determinar la credibilidad de este testigo. La alternativa era sencilla y libre de confusión: o le daba completo crédito, en cuyo caso venía obligado a traer un veredicto de culpable en los tres cargos, o no se lo daba, en cuyo caso se imponía un veredicto absolutorio en todos los cargos.

Siendo esta la situación, no era correcto instruir al jurado al efecto de que podía traer un veredicto absolutorio en todos los cargos o condenarlo en algunos y absolverlo en otros. Tampoco tenía apoyo en la prueba la instrucción de que: ". . . El cargo número uno *requiere una cantidad de prueba y una clase de prueba para establecer la posesión y el dominio* de la droga; el cargo número dos se refiere a la ocultación y la transportación, *que es otro tipo de prueba para sostener ese cargo*, y el tercero se refiere a la transacción de la venta, la venta, que *es otra clase de prueba*, y el veredicto en uno no lo obliga a dictar a ustedes el mismo veredicto en el otro, . . . ." (Bastardillas nuestras.)

Como hemos visto, se trataba de un solo testigo para los tres cargos. Cualquier distinción sobre la cantidad y clase de prueba para sostener cada uno de los cargos resultaba confusa y contradictoria. Sólo podía hacerse tal distinción si se hubiera aducido prueba distinta y separada en apoyo de cada cargo.

A la luz de la prueba desfilada, la única instrucción lógica sobre posibles veredictos era la de culpable en todos los cargos o de absolución. La omisión de una instrucción clara y específica en ese sentido constituye error perjudicial en este caso.

El Procurador General en su informe intenta sostener la validez del veredicto impugnado arguyendo, en esencia, que siendo válidos los veredictos inconsistentes, las instrucciones impartidas por el juez de instancia sobre los posibles veredictos—culpable en uno y absolución en otros—son correctas. No estamos de acuerdo.

No es éste propiamente un caso de veredictos inconsistentes sino de instrucciones inconsistentes con la prueba. En forma alguna la conclusión a que hemos llegado altera la norma que hemos establecido sobre la validez de veredictos inconsistentes.

Al sostener la validez de estos veredictos, lo hemos hecho adoptando un enfoque realista que responde racionalmente a la naturaleza y funciones del jurado. *Pueblo* v. *Negrón,* supra, *Pueblo* v. *Medina Ocasio*, supra, y casos citados en el escolio 2. Como se sabe, el jurado es un cuerpo deliberativo compuesto por personas legas en materia de derecho que con frecuencia atenúa el rigor de la ley a su propio sentido de justicia. Véanse *Pueblo* v. *Medina Ocasio*, supra, *Dunn* v. *United States*, supra, *United States* v. *Maybury*, 274 F.2d 899.

El juez, por el contrario, es un conocedor del derecho, un jurisperito, y, por lo tanto, viene obligado a actuar en forma consistente y lógica tanto en la adjudicación de un

veredicto como en las instrucciones al jurado. Sólo en la imposición de la pena puede el juez atenuar el rigor de la ley a su sentido de justicia.

■ Las instrucciones, cuyo propósito fundamental es iluminar al jurado en la aplicación de los principios de derecho a los hechos del caso, deben ser claras, precisas, consistentes y lógicas. En esa forma se pueden evitar veredictos inconsistentes, caprichosos o arbitrarios.

■ En el caso de autos, como hemos visto, las instrucciones fueron inconsistentes, promoviendo directamente la inconsistencia en los veredictos. Es, pues, por el vicio de instrucciones inconsistentes que se anula el veredicto en este caso y no por la inconsistencia en sí del veredicto.

■ La conclusión a que hemos llegado impide la celebración de un nuevo juicio por el cargo de venta. Ello es así por operación de la doctrina de impedimento colateral por sentencia. En virtud de esta doctrina las cuestiones de hecho litigadas y determinadas por sentencia son concluyentes entre las partes. *Pueblo* v. *Lugo*, 64 D.P.R. 554, 559 (1945). La absolución por los cargos de posesión y transportación adjudicó en forma definitiva, como cuestión de hecho, que el apelante no transportó la droga al servicio sanitario ni la poseyó allí y entonces. Estos hechos son esenciales en el caso de autos para sostener la convicción por venta, según vimos en la prueba desfilada.

*Se dictará sentencia revocando el veredicto impugnado y decretando la absolución del acusado.*

El Juez Presidente Señor Negrón Fernández no intervino al igual que el Juez Asociado Señor Martín.