EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JOSÉ ÁNGEL HOFFMAN PÉREZ, acusado y apelante.

*Número*: CR-71-61     *Resuelto*: 4 de abril de 1972

*Carlos R. Noriega,* abogado del apelante; *Gilberto Gierbolini, Procurador General,* y *Américo Serra, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del Tribunal.

Acusado y convicto de la posesión, transportación y ocultación de heroína (24 L.P.R.A. secs. 974 y 974z), el apelante fue condenado a la pena de 8 a 16 años de presidio, en cada uno de los casos a ser cumplida concurrentemente. El veredicto del jurado fue por mayoría de 11 a 1.

Los hechos del caso los resume el Procurador General, así:

"El día 24 de enero de 1967 cuatro agentes especiales de la Policía se dirigían en un vehículo de motor hacia el Barrio Piñas de Toa Alta. Al pasar por la Calle Comerío de Bayamón observaron que en la acera había un grupo de ocho o nueve personas haciendo una transacción, de la cual coligieron que se trataba de

una persona vendiendo billetes de la lotería a sobreprecio. Los agentes fueron al lugar donde se encontraba el grupo de personas. El agente Basilio Dávila [*sic*] se bajó del vehículo oficial y se dirigió hacia el grupo. El acusado-apelante José Ángel Hoffman Pérez se encontraba en el grupo, de espaldas a la calle y el agente Dávila [*sic*] se le acercó por detrás. Observó el agente que el apelante le entregó a otro joven una envoltura de papel blanco, de las conocidas como 'decks', a cambio de la cantidad de tres dólares. Entonces el agente Dávila [*sic*] le hizo una señal a los otros agentes que se encontraban en el automóvil. Al ver la señal el agente Alfredo Padilla Rosado se acercó al grupo y observó que el apelante tenía en las manos dos o tres sobrecitos de papel y le estaba entregando otro 'deck' de heroína a uno de los jóvenes allí presentes. En ese momento los agentes se identificaron como tales y procedieron a arrestar al acusado-apellante. Este resistió el arresto y se echó a la boca dos billetes y un papel que tenía en la mano, tratando de tragárselos. Mientras el acusado-apelante forcejeaba violentamente con los agentes, el agente Dávila [*sic*] lo registró y le ocupó en el bolsillo derecho del pantalón un sobrecito color blanco con rayas azules, conocido como 'deck', dos agujas hipodérmicas y una jeringuilla plástica. En vista de que el acusado seguía forcejeando y estaba masticando lo que se había echado a la boca, el agente Dávila [*sic*] le introdujo un 'black jack' por la boca y en esa forma logró sacarle los billetes y el papel triturado. El análisis químico del papel que le fue sacado de la boca al acusado-apelante dio un resultado negativo. No obstante, el análisis de la envoltura que le fue ocupada en el bolsillo arrojó un resultado positivo de la droga heroína.

Por estos hechos Hoffman Pérez fue denunciado por los delitos de posesión y de la transportación y ocultación de la droga narcótica denominada heroína. Llevado ese mismo día ante el Juez Víctor R. Toro, de la Sala de Investigaciones de San Juan, éste determinó que existía causa probable para arrestarlo y ordenó su encarcelación por dichos delitos.

Posteriormente se celebró una vista preliminar ante otro magistrado del Tribunal de Distrito, Sala de Bayamón, quien determinó la existencia de causa probable para acusar a Hoffman Pérez por los dos delitos mencionados, o sea, por la posesión y por la transportación y ocultación de heroína."

Consideramos a continuación los distintos apuntamientos del apelante en que basa su recurso.

1.—Se impugna la admisión de la evidencia obtenida del registro del pantalón del apelante por estar íntimamente ligada con la obtenida de su boca. Esta última no fue admitida por entender el tribunal que fue irrazonable la forma en que se obtuvo.

■ Arguye el apelante que el registro del pantalón fue uno secundario, incidental y contemporáneo al registro de la boca y siendo este último ilegal, la evidencia obtenida del pantalón constituye el "fruto del árbol ponzoñoso."

En el caso ante nos, los agentes de la policía con años de experiencia en las investigaciones de casos de drogas y conocedores de los *decks* de heroína, tenían motivos fundados para creer que el apelante estaba cometiendo un delito en su presencia pues observaron cuando éste entregaba *decks* de heroína a otros. De manera que su arresto fue legal, siéndolo asimismo el registro de su persona en virtud de lo cual se le ocuparon los sobres de heroína que han motivado esta causa en su contra. *Pueblo* v. *Robles Rivera*, 95 D.P.R. 587, 589–590 (1967); *Pueblo* v. *Cabrera Cepeda*, 92 D.P.R. 70, 74 (1965).

■ 2.—Señala el apelante que el tribunal de instancia incidió al no instruir al jurado adecuadamente sobre el alcance de la evidencia suprimida y relacionada con el producto del registro inicial. Arguye que la siguiente instrucción es confusa e inconsistente:

". . . El Tribunal no admitió en evidencia lo que fue obtenido de la boca del acusado. Por lo tanto, el tribunal les instruye que no deben tomar en consideración aquellos testimonios que se refieren a lo obtenido de la boca del acusado, que se dijo que era unos billetes y un papelito blanco con un supuesto "deck". Ustedes no tomarán en consideración bajo ninguna circunstancia esa prueba para determinar sobre la inocencia o culpabilidad del acusado, ese testimonio es admisible como parte del "res gestae", como parte de la transacción, pero no es admisible para determinar sobre la inocencia o culpabilidad del acusado."

Más adelante, en el curso de sus instrucciones, el tribunal de instancia informó al jurado que ". . . Cualquier evidencia que el Tribunal no ha permitido ser admitida en evidencia o cualquier evidencia que el Tribunal ha expresado que sea eliminada y que le ha instruido a ustedes que no tomaran en consideración, deberá ser totalmente desechada por ustedes."

Luego al manifestar un jurado tener una pequeña duda en relación con la evidencia no admitida, informó el juez sentenciador al jurado que:

"El Tribunal no admitió esa evidencia y ustedes no deben tomarla en consideración para determinar sobre la inocencia o culpabilidad del señor acusado. Solamente tomarán en consideración la prueba ofrecida y admitida por el Tribunal."

Aunque la instrucción primeramente reseñada no es la más adecuada, el tribunal aclaró la cuestión en las instrucciones subsiguientes. Además, no se ha demostrado que por tal motivo se causaran perjuicios a derechos sustanciales del apelante. *Pueblo* v. *Méndez Cabo*, 91 D.P.R. 851, 854 (1965).

3.—Se arguye que es errónea por insuficiente, la siguiente instrucción al jurado sobre la impugnación del testimonio del agente Basilio Rivera al referirse a dos alegadas ventas de heroína:

". . . en este caso en el contrainterrogatorio de la defensa al testigo Basilio Rivera, se enfrentó a éste con una declaración jurada prestada anteriormente. En relación con este aspecto el Tribunal les instruye de la siguiente manera: La defensa ha impugnado la credibilidad del testigo Basilio Rivera a base de que omitió declarar anteriormente sobre hechos esenciales, sobre los cuales declaró en el juicio. Dice la Ley: 'Procede impugnarse la veracidad de un testigo cuando éste omite declarar sobre hechos esenciales relacionados con el asunto bajo investigación y que natural y racionalmente se esperaba que él expusiera cuando tuvo la primera oportunidad de hacerlo, aunque no se hubiera preguntado específicamente sobre ello. También procede la impugnación de un testigo mediante evidencia de que hizo, en otras épocas, manifestaciones incompatibles o que no coinciden con su actual declaración.' Ustedes considerarán la impugnación

hecha con el único propósito de determinar la credibilidad que el testigo pudiere merecer, siendo ustedes los únicos jueces del efecto de tal evidencia en cuanto a la credibilidad del testigo . . . ."

■ La insuficiencia consiste, según el apelante, en que las instrucciones no señalan cuáles son los hechos sustanciales que considera el tribunal impugnados; que como al lego se le hace difícil distinguir entre usar una declaración para impugnar la credibilidad de un testigo y establecer un hecho como cierto, resultaba importante que se estableciera en la instrucción ". . . una clara diferencia sobre el alcance de las manifestaciones por escrito cuando se usan para impugnar, señalándoles . . . que . . . solo puede ser considerada . . . a los fines de impugnar. . . . ." y ". . . no como prueba independiente para formular sus conclusiones de hecho", de acuerdo con *Cintrón* v. *A. Roig, Sucrs.*, 74 D.P.R. 1028, 1034 (1953). Véanse, *Pueblo* v. *Alicea Cruz*, 100 D.P.R. 295 (1971); *Pueblo* v. *Ribas*, 83 D.P.R. 386 (1961). Aunque la instrucción pudo ser complementada, para mayor claridad, a los efectos de indicar que la declaración jurada no puede considerarse como prueba independiente de los hechos del caso, el tribunal de instancia aclaró esta cuestión un tanto más en sus instrucciones subsiguientes al instruir que la presunción de que todo testigo dice la verdad puede ser destruida o rechazada por evidencia que afecte su veracidad, honradez, integridad o sus motivos.

Concluimos que cualquier posible insuficiencia en esta instrucción era insustancial de modo que no podía causar perjuicio a los derechos sustanciales del apelante que requiera la revocación de la sentencia en este caso.

■ 4.—Se apunta que " Se violó el debido proceso de ley y se le negó al acusado un juicio just [*sic*] e imparcial, al permitir el Tribunal prueba sobre dos alegadas ventas de heroína, sin que El Pueblo de Puerto Rico hubiera presentado acusación formal en contra del acusado por las mencionadas infracciones a la Ley de Narcóticos."

Aunque no se objetó oportunamente la admisión de dicha prueba, se sostiene que su admisión constituye un error tan fundamental que no se ha podido curar con la instrucción que dio el tribunal al jurado al efecto de que lo que estaba bajo su consideración es si el apelante poseyó, y si ocultó y transportó la heroína y no ningún otro caso; que la prueba de cierta transacción no la podían tomar en consideración a los efectos de resolver si el acusado es culpable o inocente de haber poseído heroína, o si la ocultó o transportó.

La prueba de la supuesta venta de heroína era admisible por cuanto formaba parte de la misma transacción y ella fue la que dio motivo fundado a los agentes para arrestar y registrar al apelante.

■ 5.—Señala el apelante que de acuerdo con *Pueblo* v. *Landmark*, 100 D.P.R. 73 (1971), constituyó un error perjudicial la instrucción al efecto de que el apelante podía ser condenado o absuelto en cualquiera o en todos los delitos imputados, o sea, que el jurado podía rendir un veredicto separado en cada caso y no estaba obligado a rendir el mismo veredicto en las dos acusaciones.

La doctrina de *Landmark*, supra, no es de aplicación pues en el caso que nos ocupa se trataba de acusaciones de poseer y de transportar y ocultar heroína y el jurado encontró al apelante culpable de ambos delitos de manera que la instrucción impugnada no produjo confusión ni resultó en que el jurado rindiese veredictos inconsistentes bajo circunstancias similares a las de *Landmark*, supra. Por lo tanto, la referida instrucción no ocasionó perjuicio alguno a algún derecho fundamental del apelante.

6–7. Se arguye que el tribunal de instancia incidió al instruir al jurado sobre la Regla 16 de las de Procedimiento Criminal y al impartirle instrucción confusa e inconsistente y repetir otras indebidamente.

Nos informa el apelante que:

"Impugnamos dicha instrucción porque nos parece inapropiada por varias razones: (a) *porque tiende a confundir al Jurado,* (b) *porque es inconsistente con la Resolución del* Tribunal excluyendo los objetos obtenidos de la boca del acusado, (c) porque da como un hecho cierto que el acusado resistió violentamente el arresto, (d) porque no toma en consideración las circunstancias que rodearon el arresto del acusado y presupone que no hay controversia con relación a los motivos fundados que tuvieron los agentes para intervenir con el apelante." (Énfasis en el original.)

Añade, que el tribunal no instruyó al jurado sobre la diferencia entre un arresto legal y un arresto ilegal, como lo requieren *Pueblo* v. *Santiago,* 78 D.P.R. 659, 669 (1955) y *Pueblo* v. *López Rivera,* 89 D.P.R. 791, 808–809 (1964), ya que la prueba de los hechos sobre la causa probable fue conflictiva.

Por último, dice el apelante que mientras el tribunal hacía un marcado énfasis en que la heroína es una droga narcótica y a esos efectos leyó al jurado el Art. 29 de la Ley de Narcóticos, ". . . lo opuesto ocurre cuando se trata de instrucciones que pueden beneficiar al acusado"; que el tribunal debió dar instrucciones ". . . sobre algún tipo de corroboración que en alguna forma e independientemente, tendiera a conectar al acusado con los hechos del caso." No tiene razón.

■ La instrucción sobre la Regla Núm. 16 de las de Procedimiento Criminal(1) estaba justificada pues la prueba de cargo demostró que el apelante resistió violentamente el arresto tratando de huir y los agentes tuvieron que utilizar la fuerza para poder practicar su arresto.

■ Era innecesario someter al jurado la cuestión de si existía o no motivo fundado para arrestar al apelante ya que la prueba demuestra que los agentes vieron al apelante traspasar a otros unos sobres (*decks*) de los que se usan en el tráfico

---

(1) Dicha Regla provee, en síntesis, que cuando al ser arrestada la persona huyere o resistiere violentamente el funcionario podrá usar todos los medios necesarios para efectuar el arresto.

de heroína lo que dio motivo razonable para el arresto del apelante no siendo en modo alguno conflictiva la prueba sobre esta cuestión.

■ Como los delitos imputados consistían en la infracción al Art. 29 de la Ley de Narcóticos no constituyó error el que se leyera al jurado.

■ Como la Ley de Narcóticos nada dispone sobre la corroboración del testimonio de los agentes del orden público, no procedía dar al jurado instrucción alguna a ese efecto.

■ 8.—Por último, se apunta que la pena de prisión de 8 a 16 años fue excesiva.

En *Pueblo* v. *Pedroza Muriel*, 98 D.P.R. 34, 39 (1969), redujimos la pena impuesta de 8 a 15 años de presidio a la pena de 5 a 10 años de presidio porque no se trataba de un traficante en drogas. Creemos, sin embargo, que bajo las circunstancias de este caso, la pena impuesta, la que está dentro de los límites de 5 a 20 años de presidio prescritos por ley, no es excesiva.

En vista de lo expuesto, *debe confirmarse la sentencia dictada en este caso por el Tribunal Superior, Sala de Bayamón, en 18 de junio de 1968.*

El Juez Presidente, Señor Negrón Fernández, no intervino.