EL PUEBLO DE PUERTO RICO, apelado, *v.* WILLIAM GARCÍA ORTIZ, acusado y apelante.

*Número:* CR-87-103          *Resuelto:* 12 de noviembre de 1992

---

*Juan Maldonado Torres* y *César E. Cerezo Torres*, abogados del apelante; *Rafael Ortiz Carrión, Procurador General, Norma Cotti Cruz, Subprocuradora General*, e *Iván F. Fuster, Procurador General Auxiliar*, abogados de El Pueblo.

El Juez Asociado Señor Rebollo López emitió la opinión del Tribunal.

El Ministerio Público radicó ante el Tribunal Superior de Puerto Rico, Sala de Arecibo, un pliego acusatorio contra el aquí apelante William García Ortiz en el cual le imputó una supuesta violación al Art. 401 la Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2401, consistente la misma en alegadamente haber distribuido (vendido) la droga narcótica conocida como cocaína sin estar autorizado para ello.

Como de ordinario ocurre en todo caso de esta naturaleza, el Estado contaba con *tres (3) testigos* para sostener la acusación radicada, *a saber*: el agente encubierto a quien, alegadamente, el apelante le vendió la sustancia controlada; el supervisor de dicho agente encubierto, el cual recibió la cocaína de manos de éste; y el químico que, luego de recibir la droga narcótica del referido supervisor, realizó el análisis que reveló que la sustancia alegadamente vendida por el aquí apelante al agente encubierto en efecto era la sustancia controlada conocida como cocaína.

El apelante renunció a su derecho a juicio por jurado. Ante el tribunal de instancia *únicamente* prestó testimonio el agente encubierto ya que la defensa *estipuló* la declaración tanto del supervisor del encubierto como la del químico. Conforme surge del testimonio prestado por el *único testigo de los hechos*, el día 4 de mayo de 1985 ocurrió, *en lo pertinente*, lo siguiente:

El 4 de mayo de 1985 el agente encubierto Juan Vélez Ramos estaba asignado al pueblo de Ciales. Ese día se encontró a un sujeto conocido por el apodo de Ché en el Barrio Jaguas de ese municipio. El agente encubierto y Ché fueron al negocio Bar y allí se encontraron con un supuesto traficante de drogas conocido por Tito. *Ché le presentó, además, a Willie (el acusado) al agente encubierto.* El agente Vélez le preguntó al acusado si tenía perico (cocaína) y éste le contestó que "más tarde venía uno seguro con mil en material" y que fuera más tarde al negocio la Terraza de Pedrito, sito en el cruce del Barrio Pesas de Ciales para hacer la transaccción.

Como a las 10:00 de la noche de ese 4 de mayo, el agente Vélez fue al negocio la Terraza de Pedrito donde se celebraba un baile (*disco party*). El agente Vélez estuvo allí bailando como hasta las 11:40 de la noche hasta que llegó el acusado.

El agente Vélez se acercó al acusado y le preguntó si había llegado el material. El acusado le contestó que había llegado el material y que pasara donde el flaco que era su tirador (vendedor). *El agente Vélez le dijo al acusado que él no haría el trato con otra persona que no fuera el mismo acusado. Entonces salieron fuera del negocio y el acusado le preguntó que cuántas bolsas quería. El agente Vélez le preguntó el precio y el acusado le dijo que eran $25 por cada bolsa y que tenía tres (3). El agente le pidió que le diera dos (2) para probarlas y si salían buenas le compraría más. El acusado le dio dos (2) bolsas y le dijo que tenía otra más de la cual se había dado un pase; que si el agente Vélez quería le daba las tres (3) en $70. El agente Vélez le contestó que no, que sólo le daba $68 por las tres (3). El acusado aceptó la oferta y el agente Vélez le entregó los $68 en tres (3) billetes $20, uno de $5 y tres de $1. Luego de hacer la compra el agente Vélez se despidió del acusado y se fue para su casa.*

Al otro día el agente Vélez llegó a las 8:00 de la mañana a la División de Drogas y Narcóticos de Arecibo y se comunicó con su supervisor Camacho y le entregó la evidencia en un sobre de los que usan para guardar evidencia. (Énfasis suplido.)

Como surge de una somera lectura de lo antes reseñado, el testimonio del agente encubierto claramente establece la comisión, por el apelante, de una infracción al Art. 401 de la citada Ley de Sustancias Controladas de Puerto Rico. Dicho de otra forma, el Estado cumplió con su obligación de presentar prueba sobre todos y cada uno de los elementos del delito de venta, o distribución, de una droga narcótica que establece la citada Ley de Sustancias Controladas de Puerto Rico; testimonio que, *de ser creído por el juzgador de los hechos*, hacia mandatoria la convicción del acusado por el delito imputado en el pliego acusatorio radicado.

Ello no obstante, el tribunal de instancia encontró al acusado *incurso* en una infracción al Art. 404(b) de la citada Ley de Sustancias Controladas de Puerto Rico, 24 L.P.R.A. sec. 2404(b), y, mediante *resolución* a esos efectos, lo sometió a un *período probatorio* de tres (3) años. *En otras palabras*, el tribunal de instancia absolvió al aquí apelante del delito imputado de *distribución o venta* (Art. 401, ante), y lo encontró "culpable" del delito de *posesión* de una sustancia controlada Art. 404 (24 L.P.R.A. sec. 2404).

*¿Es correcto en derecho dicho proceder o actuación judicial? Resolvemos que no; veamos por qué.*

## I

De entrada, aceptamos que pueden darse situaciones en que una persona, originalmente acusada bajo las disposiciones del Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, ante, puede correctamente ser declarada culpable de una violación al Art. 404 de la referida Ley. Se nos ocurre, de inmediato, la plausible situación en que varias personas estén en posesión, y uso, de una droga narcótica y uno, o varios, de ellos le venden parte de la droga a un agente encubierto que allí se encontraba en funciones de su empleo. Al amparo de una acusación en que el Estado les impute a todos, *actuando en concierto y*

*común acuerdo*, haber infringido el mencionado Art. 401, el juzgador correctamente podría determinar, a base de los hechos que se le presenten, que una de esas personas, a pesar de estar presente y en posesión y uso de la droga, *no* tuvo participación alguna en la venta que los otros llevaron a cabo. En esa situación, procedería un fallo o veredicto absolutorio con relación a la venta y uno condenatorio por simple posesión de una sustancia controlada.

■ Ello, sin embargo, *no resulta procedente en derecho bajo los hechos específicos y particulares del caso ante nuestra consideración.* En el mismo, el hecho de la posesión de la droga por parte del apelante está *irremediablemente* ligado, o entrelazado, con el hecho de la venta de la droga por parte de éste. *Esto es, ambos hechos son jurídicamente inseparables por razón de que la prueba es exactamente la misma.* En el presente caso, el juzgador *no* podía separar o bifurcar la declaración del agente encubierto, esto es, creer parte de la misma y desechar el resto. *Pueblo v. Landmark*, 100 D.P.R. 73 (1971); *Pueblo v. Figueroa Castro*, 102 D.P.R. 279 (1974).([1])

■ En resumen, habiendo absuelto el juzgador de los hechos al apelante del delito de venta, resulta jurídicamente improcedente su condena por el delito de posesión, cuando la referida convicción se basa en el testimonio del agente encubierto, el cual testificó sobre una *única* transacción ocurrida entre él y el apelante, sin la intervención de terceros. Tratándose de un único testimonio, *el cual resulta indivisible,* lo que procedía era decretar la culpabilidad *o* inocencia del apelante por el delito imputado de infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, ante. *Pueblo v. Figueroa Castro*, ante, pág. 288. Resulta, en consecuencia, errónea e improcedente en

---

([1]) A pesar de que las decisiones emitidas por este Tribunal en los casos de *Pueblo v. Landmark*, 100 D.P.R. 73 (1971), y *Pueblo v. Figueroa Castro*, 102 D.P.R. 279 (1974), fueron emitidas en relación con la antigua Ley de Narcóticos de Puerto Rico, las expresiones vertidas y las normas allí establecidas continúan hoy en vigor y su validez resulta ser incuestionable.

derecho la condena por infracción al Art. 404 de la citada Ley de Sustancias Controladas de Puerto Rico.

Habiendo el foro de instancia absuelto al apelante del delito imputado, esto es, de una infracción al Art. 401 de la Ley de Sustancias Controladas de Puerto Rico, ante, y resultando improcedente en derecho, *a base de los hechos específicos del presente caso*, la convicción por el Art. 404 de la referida Ley de Sustancias Controladas de Puerto Rico, *procede decretar la revocación de la sentencia apelada y la absolución del apelante.*

*Se dictará sentencia de conformidad.*

El Juez Asociado Señor Hernández Denton concurrió con el resultado sin opinión escrita. El Juez Asociado Señor Fuster Berlingeri disintió sin opinión escrita.