EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* ARCELIO HERNÁNDEZ, DOMINGO QUILES NIEVES e ISMAEL RIVERA, acusados y apelantes.

*Número*: CR-66-102          *Resuelto*: 24 de febrero de 1967

*Santos P. Amadeo* y *Guillermo Bird Martínez,* abogados de los apelantes; *J. F. Rodríguez Rivera, Procurador General Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Prescribe, *inter alia,* la Regla 166 de las de Procedimiento Criminal de 1963 que en casos de delitos graves, al comparecer el acusado al acto de imposición de la sentencia, el tribunal deberá informarle de la naturaleza de la acusación y del pronunciamiento del fallo, "y le preguntará si existe alguna causa legal por la cual no deba procederse a dictar sentencia". Disposiciones semejantes contenía el Art. 318 de los Códigos de Enjuiciamiento Criminal de 1902 y 1935.

Esta práctica de inquirir del convicto sobre las razones que tiene para que no se le dicte sentencia, conocida como *allocutus* o alocución, tuvo su origen en el derecho consuetudinario inglés. Respondía principalmente, no sólo a la severidad de los castigos que se podían imponer—con excepción de hurto menor y mutilación, los demás delitos graves eran punibles con la muerte[1]—sino a que, como al convicto no se le permitía estar asistido por abogado ni prestar testimonio a su favor, tuviera una oportunidad para exponer hechos en su defensa o que constituyeran atenuantes. Para el desarrollo de la doctrina, véanse, Barret, *Allocution,* 9 Mo. L. Rev. 115 y 232 (1944); Orfield, *Criminal Procedure from Arrest to Appeal,* vol. 3, pág. 526. Andando el tiempo ha

---

[1]En adición a las penalidades impuestas al convicto, la convicción producía la inmediata muerte civil y consecuencias patrimoniales extremas como la confiscación de sus bienes a favor de la corona.

sido objeto de codificación, y así, se incorporó en la Regla 32(a) de las de Procedimiento Criminal federal.

En *Green* v. *United States*, 365 U.S. 301 (1961), se traza la genealogía de la regla y se añade que desde 1689 se reconoció que la omisión del juez sentenciador de inquirir del convicto si tenía algo que manifestar antes de que se impusiera la sentencia constituía un error que requería la revocación. Se destaca la función dual de la regla federal de permitir la interpelación y exponer las circunstancias minorantes que concurren, ([2]) para concluir que no basta con que similar oportunidad se proporcione al defensor sino que es necesario que se le ofrezca al ofensor personalmente. No obstante, la omisión de permitir al convicto dirigirse al tribunal se corrige devolviendo el caso para que se le sentencie nuevamente, una vez se le haya escuchado, ([3]) ya que el error ocurrió después del veredicto y afecta únicamente la sentencia impuesta, *Cuozzo* v. *United States*, 325 F.2d 274 (5th Cir. 1963); *United States* v. *Allegrucci*, 299 F.2d 811 (3d Cir. 1962); *United States* v. *Miller*, 293 F.2d 697 (2d Cir. 1961); *Bryant* v. *State*, 159 So.2d 627 (Ala. 1964). Aun en aquellas ocasiones en que se ha determinado que ello constituye error se ha examinado si el mismo es perjudicial, *State* v. *Engberg*, 400 P.2d 701 (Kan. 1965); *People* v. *Allen*, 211 C.A.2d 341 (1962); *People* v. *Straw*, 209 C.A.2d 565 (1962). En general, véase, Anotación, *Necessity and sufficiency of question to defendant as to whether he has any-*

---

([2])La disposición de la Regla 32(a) federal que permite "presentar cualquier información pertinente para la mitigación del castigo" no se incorporó expresamente en la Regla 166. Es la Regla 171 la que permite oir prueba sobre las circunstancias atenuantes o agravantes a los fines de la imposición de la pena. Véanse, *Pueblo* v. *Ortiz*, 46 D.P.R. 1 (1934); *Pueblo* v. *Liceaga*, 36 D.P.R. 443 (1927); *Pueblo* v. *de Thomas*, 9 D.P.R. 568 (1905); y *Pueblo* v. *Brenes*, 9 D.P.R. 559 (1905).

([3])El planteamiento de ausencia de alocución no puede levantarse colateralmente. *Machibroda* v. *United States*, 368 U.S. 487 (1962); *Hill* v. *United States*, 368 U.S. 424 (1962).

*thing to say why sentence should not be pronounced against him,* 96 A.L.R.2d 1292 (1964).

Establecidos los principios generales sobre la práctica de la alocución, réstanos considerar el planteamiento de los apelantes sobre el incumplimiento por el tribunal de instancia de los preceptos de la Regla 166. Una vez recibido el veredicto unánime del jurado declarando a los acusados culpables de los delitos de asesinato en primer grado y violación, el juez señaló la siguiente semana para el acto de dictar sentencia. Inmediatamente uno de los abogados defensores manifestó:

"Queremos informar al tribunal que es el deseo de los acusados que sean sentenciados en el acto y así pedimos que se proceda a dictar las sentencias."

El magistrado que presidía inquirió de los acusados:

". . . Su abogado ha pedido que renuncian ustedes al derecho que tienen a que no se les dicte sentencia por lo menos antes de tres días para que se les dicte sentencia hoy, ¿ése es el deseo de ustedes?"

Respondieron:

"Sí señor, sí señor, sí señor."

Procedió el juez a condenarles a la pena de reclusión perpetua, en el asesinato en primer grado, y a la indeterminada de 10 a 20 años, en la violación, para ser cumplidas concurrentemente.

En *Pueblo ex rel. López* v. *Pérez Peña,* 54 D.P.R. 804 (1939), dijimos que de no aparecer de la sentencia en una causa criminal que se dio cumplimiento al requisito de hacerle al acusado las advertencias de rigor antes de dictarse la misma, la presunción en apelación es, en ausencia de prueba en contrario en el récord, que los preceptos fueron cumplidos. Puede observarse del incidente transcrito que de la transcripción surge afirmativamente el incumplimiento de la alocución. La intervención del abogado defensor tam-

poco puede considerarse efectiva, ya que, adoptamos como norma en la interpretación de nuestra Regla 166 lo resuelto por el Tribunal Supremo federal en *Green* v. *United States*, supra, de que la interpelación debe dirigirse personalmente al convicto. Mas este incumplimiento, a lo sumo, requeriría, no la revocación de la sentencia, sino meramente que se dejara sin efecto para que se sentenciara nuevamente a los apelantes, previa la alocución. Así en efecto lo dispone la Regla 167: "Si el tribunal hubiere dictado sentencia sin dar cumplimiento a lo dispuesto en la regla anterior, deberá dejar la misma sin efecto y proceder de acuerdo con lo que en dicha regla se establece."

■ No obstante lo expuesto, concurren en el presente caso circunstancias que hacen innecesaria su devolución, ya que la Regla 166 debe leerse conjuntamente con la 168, que taxativamente enumera las *únicas causas* que puede aducir el acusado para que no se dicte sentencia. Lee la Regla 168:

"El acusado podrá solicitar, y demostrar en el caso que proceda, que no debe dictarse sentencia en su contra, *únicamente* por las siguientes causas:

(a) Que ha desarrollado una incapacidad mental con posterioridad a haberse rendido el veredicto o haberse pronunciado el fallo.

(b) Que le ha sido concedido el indulto por el delito juzgado en la causa en que ha de ser sentenciado.

(c) Que no es él la persona contra quien se rindió el veredicto o se pronunció el fallo.

(d) Que no se ha cumplido con las disposiciones de la Regla 162.

(e) Que el delito del cual se le declaró culpable estaba prescrito."

Ninguna de las causas apuntadas puede aducirse. Y en cuanto a circunstancias atenuantes, Regla 171, ninguna puede considerarse por tratarse de la convicción por un delito que apareja la pena mandatoria de reclusión perpetua. *Brine* v. *State*, 205 A.2d 12 (1964). En cuanto a la pena

impuesta por el delito de violación, dada su concurrencia con la del asesinato, ningún perjuicio puede habérseles causado. Como cuestión de hecho, los apelantes estuvieron recluidos por espacio de más de doce años naturales y han cumplido por tanto el término mínimo impuéstoles. [4]

■ 2. Como segundo apuntamiento se señala que el tribunal a quo erró al instruir al jurado que al considerar el testimonio de los acusados deberían tener en cuenta el interés que todo acusado tiene en su propio caso. *Ferguson* v. *Georgia*, 365 U.S. 570 (1961), invocado por los apelantes, no tiene relación alguna con el planteamiento; se limita a establecer que una ley estatal que impide que una persona acusada en una causa penal preste testimonio en su defensa infringe la garantía constitucional del debido procedimiento de ley.

En *Pueblo* v. *Natal*, 93 D.P.R. 844 (1967), dispusimos de un apuntamiento similar diciendo:

"Aunque aprobamos instrucciones como ésta en *Pueblo* v. *Febres Córdova*, Per Curiam, resuelto en 15 de junio de 1964, y en *Pueblo* v. *Morales González*, 39 D.P.R. 30, 36–37 (1929), hemos concluido que no es juicioso que en lo sucesivo se continúe la práctica de así instruir al jurado ya que no es propio ni necesario el cualificar así el testimonio del acusado. Constituye una justicia más sana el dejar al juicio del jurado el peso que deba darle a ese testimonio. Esta norma estará disponible solamente para personas cuyos juicios empiecen después de la fecha de esta sentencia."

Habiéndose celebrado el juicio de esta causa durante los días 5 y 6 de octubre de 1965, los apelantes no pueden valerse de lo resuelto en *Natal*.

---

[4] Los acusados habían sido convictos en un primer proceso celebrado en 1953. Al estar imposibilitados de preparar la transcripción de evidencia a los fines del perfeccionamiento de la apelación, concedimos nuevo juicio en 7 de junio de 1965. Habían estado encarcelados desde el 27 de abril de 1953 hasta que prestaron fianzas a fines de julio y principios de agosto de 1965.

3. Los demás errores apuntados son insustanciales o frívolos.

*Se confirmarán las sentencias dictadas por el Tribunal Superior, Sala de Arecibo, en 6 de octubre de 1965.*

El Juez Presidente Señor Negrón Fernández no intervino.