EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* JULIO, ERVIN y JOSEFA VÉLEZ SANTIAGO, acusados y apelantes.

Número: CR-67-7      Resuelto: 20 de diciembre de 1967

*Héctor Lugo Bougal,* abogado de los acusados; *J. B. Fernández Badillo, Procurador General,* y *Lolita Miranda, Procuradora General Auxiliar,* abogados de El Pueblo.

PER CURIAM: El fiscal formuló una acusación contra Ervin Vélez Santiago por un delito de homicidio voluntario consistente en que dicho acusado el día 26 de agosto de 1964 y en Yauco, Puerto Rico, en ocasión de súbita pendencia y arre-

bato de cólera acometió y agredió con un machete al ser humano Ferdinand Quiñones Vélez, infiriéndole heridas que le causaron la muerte instantánea.

El fiscal acusó también a dicho Ervin Vélez Santiago de un delito de ataque para cometer homicidio porque en la misma fecha y lugar atacó con un machete a Pedro Quiñones Santiago, infiriéndole una herida de carácter grave. También se le acusó de una infracción al Art. 4 de la Ley de Armas.

El fiscal formuló otra acusación contra Julio Vélez Santiago por el delito de asesinato en primer grado cometido al darle muerte ilegal a Ferdinand Quiñones Vélez a quien infirió una herida con un machete el 26 de agosto de 1964 en Yauco. Le acusó además de una infracción al Art. 4 de la Ley de Armas.

Contra Josefa Vélez Santiago se formuló acusación por el delito de ataque para cometer homicidio porque actuando en concierto con Ervin Vélez Santiago . . . "en ocasión de una súbita pendencia y arrebato de cólera . . . la acusada acometió y agredió al ser humano Pedro Quiñones Santiago, aguantándolo y para que Ervin Vélez Santiago le acometiera y agrediera con un machete, arma mortífera, causándole heridas de carácter grave."

Los casos contra todos estos acusados fueron vistos conjuntamente el 29 de julio de 1965 ante un jurado, con excepción de las infracciones a la Ley de Armas.

El jurado, por unanimidad declaró culpable a Ervin Vélez Santiago de homicidio voluntario y de ataque para cometer homicidio, a Julio Vélez Santiago culpable de homicidio voluntario y a Josefa Vélez Santiago culpable de acometimiento y agresión grave. Por su parte el tribunal declaró culpables a Ervin y a Julio Vélez Santiago de infracción al Art. 4 de la Ley de Armas.

Ervin Vélez Santiago fue sentenciado a cumplir de dos a cinco años de presidio por el delito de homicidio voluntario, de uno a tres años de presidio por el delito de ataque para

cometer homicidio voluntario y a cumplir un año de cárcel por la infracción al Art. 4 de la Ley de Armas, a ser cumplidas todas concurrentemente. Además las sentencias fueron suspendidas.

Julio Vélez Santiago fue sentenciado a cumplir de cuatro a ocho años de presidio por el delito de homicidio voluntario y un año de cárcel por la infracción al Art. 4 de la Ley de Armas.

Contra Josefa Vélez Santiago se dictó una sentencia suspendida de un año de cárcel.

Los acusados-apelantes señalan como motivos para revocación de las sentencias, 1) "que la evidencia aportada por El Pueblo es jurídicamente insuficiente para establecer fuera de duda razonable y fundada la culpabilidad de los acusados"; 2) que la prueba de cargo no conecta a Ervin Vélez Santiago con la muerte de Ferdinand Quiñones Vélez, y 3) que el tribunal sentenciador incurrió en error al instruir al jurado sobre la forma de evaluar los testimonios de los acusados contrario a su derecho constitucional de presunción de inocencia.

■ No procede la revocación de las sentencias apeladas. Hubo suficiente prueba, que fue creída por el jurado, de que frente a la casa de Ervin Vélez Santiago, éste sostuvo una riña con Ferdinand Quiñones en la cual intervinieron también Julio y Josefa Vélez. Estando Ferdinand en el suelo boca abajo, Ervin lo agredió con un machete infiriéndole una herida incisa sobre la columna vertebral dorsal, de carácter mortal. Ferdinand se levantó y fue a caer al camino. Julio le quitó el machete a Ervin y le infirió una herida en el pecho a Ferdinand que seccionó el pulmón y corazón. Pedro Quiñones, padre de Ferdinand llegó al sitio de los hechos cuando ya Ferdinand estaba muerto. Julio y Josefa se le tiraron encima a golpes. Ervin le dio un machetazo en uno de sus brazos hiriéndolo.

Sobre los hechos esenciales no hubo ningún conflicto serio en la prueba de cargo. Hubo contradicciones en algunos de los testigos de cargo pero como bien sostiene el Procurador General ello se debió a que algunos testigos presenciaron parte de los hechos y otros presenciaron otra parte de dichos hechos y desde lugares distintos.

La prueba de defensa también está en conflicto con la de cargo pero ese conflicto lo dirimió el jurado en contra de los apelantes.

■ Ya hemos rechazado como errónea la instrucción al jurado de que al evaluar el testimonio del acusado tome en cuenta el interés que éste tiene en su propia causa. Esa norma, sin embargo, no está disponible para los aquí apelantes. *Pueblo* v. *Natal Rojas*, 93 D.P.R. 844 (1967) ; *Pueblo* v. *Hernández*, 94 D.P.R. 116 (1967) y *Pueblo* v. *Páez Meléndez*, Sentencia de 21 de abril de 1967.

■ Julio y Ervin Vélez actuaron conjuntamente contra Ferdinand. Cada uno de ellos le infirió una herida mortal. Véase *Pueblo* v. *Aponte González*, 83 D.P.R. 511, 519 y 520 (1961). Son coautores del delito por el cual fueron convictos. La actuación de Josefa también la coloca en situación de coautora del delito perpetrado contra Pedro Quiñones. Tanto Ervin como Julio Vélez fueron vistos portando un machete en un camino público. Esto sostiene su convicción por infracción a la Ley de Armas.

*Deben confirmarse las sentencias apeladas.*

El Juez Asociado Señor Belaval no intervino.