EL PUEBLO DE PUERTO RICO, demandante y apelado, *v.* MERCEDES MEDINA OCASIO, acusado y apelante.

*Número:* CR-68-241    *Resuelto:* 27 de enero de 1970

*Sergio A. Peña Clós* y *José Rafael Gelpí,* abogados del apelante; *J. F. Rodríquez Rivera, Procurador General Interino,* y *Elpidio Arcaya, Procurador General Auxiliar,* abogados de El Pueblo.

EL JUEZ ASOCIADO SEÑOR RIGAU emitió la opinión del Tribunal.

El día de Acción de Gracias de 1965 el apelante llegó en automóvil a un negocio en el cual estaban, entre otros, el perjudicado César Batalla y el testigo Roberto López. Aquél se bajó del carro y entró al negocio. Al entrar, Batalla lo saludó y el apelante le contestó que no tenía tiempo para saludarlo. Batalla le replicó con una expresión soez. Luego de breves palabras, el apelante caminó hacia su carro y

regresó armado de una pistola. Roberto López, quién lo vio venir con la pistola, intervino para detenerlo pero fue agredido por el apelante y no logró detenerlo. El apelante le infirió una herida de bala en el vientre a Batalla.

El apelante fue acusado de los delitos graves de ataque para cometer asesinato y de portación ilegal de armas y del delito menos grave de posesión ilegal de armas. El jurado lo declaró culpable de acometimiento y agresión grave y lo absolvió de la portación de armas. El juez lo declaró culpable del delito de posesión ilegal de armas.

■ El apelante hace los tres señalamientos de error que mencionaremos a continuación. El primero consiste en alegar que el juez erró al instruir al jurado en el sentido de que la declaración del acusado debía considerarse como la de cualquier otro testigo, "teniendo en cuenta el interés que todo acusado tiene en su propia causa." No se cometió el error señalado. En *Pueblo* v. *Natal Rojas*, 93 D.P.R. 844 (1967), expresamos que se aplicaría sólo prospectivamente la norma que allí establecimos de que los jueces no debían hacer esa aclaración, en las instrucciones al jurado, sobre las declaraciones de los acusados. Ni siquiera la aplicamos en el propio caso de *Natal Rojas*. Ese caso se resolvió en 16 de enero de 1967 y el caso de autos se vio en junio de 1966. Claramente dicha norma no le era aplicable. *Pueblo* v. *Hernández*, 94 D.P.R. 116 (1967); *Pueblo* v. *Vélez Santiago*, 95 D.P.R. 619 (1967); *Pueblo* v. *Rivera Márquez*, 96 D.P.R. 758 (1968); *Pueblo* v. *Dávila*, Sentencia de 29 febrero 1968; *Pueblo* v. *Dávila*, Sentencia de 29 marzo 1968.

■ El segundo señalamiento es al efecto de que el tribunal erró al sentenciar al acusado por el delito de acometimiento y agresión grave porque existía duda razonable en la mente del jurado de la culpabilidad del acusado. El planteamiento no tiene mérito. El apelante fue acusado de ataque para cometer asesinato—acusación que a la luz de los hechos

no resulta descabellada—pero el jurado redujo el veredicto a uno de acometimiento y agresión grave. Como se sabe, eso es permisible. Regla 147 de las de Procedimiento Criminal; *Pueblo* v. *Cruz Collazo*, 95 D.P.R. 651, 656 (1968) y casos allí citados. Asumiendo que el jurado hubiese tenido dudas de si el acusado era culpable o no del delito de ataque para cometer asesinato, las resolvió al declararlo culpable de acometimiento y agresión grave. Precisamente para que deliberen sobre el veredicto que han de rendir es que a los jurados se les encierra en un cuarto. El juicio por jurado no supone que el jurado ha de rendir necesariamente su veredicto inmediatamente después de concluido el juicio.

■ Como tercer error se señala que erró el juez al declarar culpable al acusado de una infracción al Art. 6 de la Ley de Armas (posesión ilegal), 25 L.P.R.A. sec. 416, cuando fue absuelto por el jurado de violar el Art. 8 de dicha ley (portación ilegal), 25 L.P.R.A. sec. 418. Este planteamiento ya ha sido resuelto adversamente para el acusado. *Pueblo* v. *Burgos*, Sentencia de 8 de mayo de 1969; *Pueblo* v. *Fuentes*, Sentencia de 19 de mayo de 1966; *Pueblo* v. *Fonseca*, 79 D.P.R. 36, 40 (1956); *Pueblo* v. *Santiago*, Sentencia de 3 de diciembre de 1969. Lo que ocurre cuando en casos como éste, el jurado como juzgador de los hechos debe llegar a un veredicto sobre un delito y el juez, también como juez de los hechos, debe llegar a una conclusión sobre otro delito, es que cada uno—juez y jurado—hacen su propia determinación de hechos sobre el delito particular que está bajo su jurisdicción. Son juzgadores independientes, uno no está subordinado al otro y puede darse el caso de que uno crea la prueba y el otro no. Cada uno de los dos juzgadores de hecho está facultado para actuar dentro de su particular jurisdicción. *Pueblo* v. *Santiago*, supra.

■ Que el jurado en este caso haya declarado culpable al apelante del delito de acometimiento y agresión grave—

delito cometido con una pistola—y lo haya absuelto de la portación de armas, puede tener explicación o no, pero eso es la prerrogativa del jurado. Hay abundante jurisprudencia que sostiene que, aun cuando se trate de un mismo jurado, no es necesario demostrar consistencia lógica entre sus veredictos de culpabilidad en cuanto a unos cargos y los de no culpabilidad en cuanto a otros, de una misma acusación o de acusaciones distintas que se le someten conjuntamente. Anotación *Inconsistency of Criminal Verdict as Between Different Counts of Indictment or Information*, 18 A.L.R.3d 259, 274–279; y Anotación en 16 A.L.R.3d 866, 869–871. Una de las razones por las cuales no se requiere que los veredictos del jurado sean consistentes es que se reconoce la realidad de que los jurados a veces atemperan la ley a su propio sentido de justicia y así atemperada la aplican. No estamos diciendo que ésta sea una buena práctica; sólo estamos reconociendo esa realidad.

*Se confirmarán las sentencias apeladas.*

Señor Juez Presidente no intervino. El Juez Asociado Señor Dávila concurre en el resultado.